## THE VILLAGE OF ALTAMONT

*v.*

## M. S. CARTER.

*Opinion filed April 16, 1902.*

INSTRUCTIONS—*extent of requirement that jury base findings upon the evidence.* A requirement in the first part of an instruction that the jury must base their findings upon the evidence, extends to all subsequent clauses in the instruction and need not be repeated in each succeeding sentence.

*Village of Altamont* v. *Carter*, 97 Ill. App. 196, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. W. M. FARMER, Judge, presiding.

JACOB ZIMMERMAN, (WOOD BROS., of counsel,) for appellant.

WRIGHT BROS., and E. N. RINEHART, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District, affirming a judgment for $1000 in an action on the case in the circuit court of Effingham county in favor of appellee, against appellant. The damages were alleged to have been occasioned by reason of an opening in a sidewalk on a street of the village, used for a coal chute or for lighting and ventilating a business house fronting on the street, into which appellee fell and was injured. The accident happened on the night of March 9, 1900.

The only errors urged in this court as grounds for reversal are, that the trial court misdirected the jury in instructions given for the plaintiff and erred in refusing to give certain instructions asked by the defendant. It is insisted that the first instruction given at the request

of the plaintiff assumes that he met with an accident which resulted in his injury, and that he was at the time in the exercise of due care for his own safety. In other words, that these essential elements of his cause of action are not left to be found by the jury from the evidence, but that by the instruction he could recover if the jury merely believed those facts, without reference to the testimony. The instructions are all very imperfectly abstracted, but as we understand this one the objection is not tenable. It states in the beginning that if the jury believe, from the preponderance of the evidence, that the sidewalk described in plaintiff's declaration was in an unsafe condition for use, and such condition was known to the officers of defendant, etc., so that all the facts necessary to plaintiff's right of recovery thereafter stated are made to depend upon the preponderance of the evidence. A requirement in the first part of an instruction that the jury must base their findings upon the evidence applies and extends to all subsequent clauses in the instruction, and it is unnecessary in each of the succeeding sentences to inform the jury that they must find from a preponderance of the evidence. *Miller* v. *Balthasser,* 78 Ill. 302; *Belden* v. *Woodmansee,* 81 id. 25; *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 id. 547; *Gizler* v. *Witzel,* 82 id. 322.

The second and third instructions given for the plaintiff are subject to the criticism that they merely state abstract principles of law; but when considered in connection with others given, they could not have misled the jury to the prejudice of the defendant.

It is further objected that the court refused to give several instructions asked by the defendant, to the effect that if the jury found that the defect in the sidewalk had existed so short a time that the defendant, by the exercise of reasonable care and diligence, could not have known of it, then the verdict should be for the defendant. They were each properly refused, for the reason that the same rule of law was given in other instructions.

We have duly considered the objections urged to the ruling of the trial court in giving and refusing other instructions, and have been able to find no substantial error in that regard.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*