The West Chicago Street Railroad Company

*v.*

John Schulz.

*Opinion filed October 24, 1905.*

1. Trial—*court cannot direct verdict if evidence is conflicting.* The court cannot direct a verdict in a personal injury case where the testimony as to how the injury occurred is in direct conflict, that of the plaintiff tending to show negligence by the defendant.

2. Instructions—*when instructions may be supplemented by others.* If an instruction is correct so far as it goes and does not assume to point out all the elements essential to a recovery and direct a verdict, it may be supplemented by other instructions and omissions therefrom supplied.

3. Same—*when instruction is not misleading.* An instruction holding that a street railway company is chargeable with notice that the public may lawfully use the entire street, and that it must, in operating its cars, employ due care to avoid injuring persons rightfully using that part of the street occupied by its tracks, is not misleading, in failing to require such persons to be in the exercise of due care for their own safety, where that requirement is fully set forth in other instructions.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Julian W. Mack, Judge, presiding.

John A. Rose, and Albert M. Cross, (W. W. Gurley, of counsel,) for appellant.

Frank F. Aring, Theodore G. Case, and John T. Murray, (A. W. Browne, of counsel,) for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county for the sum of $3500 in favor of the appellee, for a personal injury alleged to have been sustained by him by reason of the negligence of the appellant. The

declaration alleged, in substance, that while the plaintiff was riding on a wagon on Blue Island avenue, in the city of Chicago, and while he was exercising due care and diligence for his own safety, the defendant, by its servants, carelessly and negligently drove a train of street cars with great force and violence against the said wagon, whereby the same was overturned and the plaintiff was thrown to the ground and permanently injured.

The first contention made by the appellant is, that the trial court erred in declining to take the case from the jury upon its motion at the close of all the evidence. The evidence introduced on the part of the plaintiff tended to show that he, in company with one John Walsh, was riding in a wagon drawn by two horses, in a south-westerly direction on Blue Island avenue, in the city of Chicago; that the appellant has two lines of street car tracks in said avenue; that the team and wagon were upon the west track; that when near Hastings street, which crosses Blue Island avenue, appellee looked back and saw a train of cars, consisting of a grip-car and a trailer, upon said west track, some three hundred feet distant, approaching at a high rate of speed; that when the train was about one hundred feet from him he started to turn the team from the street car track to the west side of the street; that before the wagon left the track he was overtaken by said train and the train struck the wagon, which was loaded with about five hundred pounds of iron rods about twelve feet in length, and it was overturned, and the end of one of said iron rods was forced through the left foot of appellee. The testimony of the appellant tended to show that the team and wagon driven by the appellee were standing upon the west side of said Blue Island avenue, near the curb; that as the train of appellant approached the team, two women with a horse and buggy, who were immediately in front of the team, started to drive across the track in front of the approaching train; that the gripman sounded the gong, which frightened the horse attached to the buggy,

whereupon it backed against the team, which caused the team to back, and the iron rods, which projected over the rear end of the wagon some three feet, came in contact with the rear car, and before the train could be stopped the wagon was overturned and appellee injured. It will be seen there was a direct conflict in the testimony as to the manner in which the injury occurred, and the trial court, upon motion for a directed verdict, could not, as a matter of law, determine that there could be no recovery, as it is apparent if the servants of appellant, in the daytime and without excuse, drove said train at a high rate of speed against the wagon in which the appellee was lawfully riding upon one of the public streets of said city, and while he was attempting to leave the street car track but before he had time to do so, the appellant is liable to the appellee for the injury which he sustained by reason of such negligent and wrongful act. The court did not err in declining to take the case from the jury.

The only other reason urged for a reversal is the giving of appellee's seventh instruction. That instruction informed the jury that while a street railway company is invested with the right of way over other vehicles over the portion of the street occupied by its tracks, and although it is the duty of the drivers of such vehicles to turn out and allow street cars to pass and to use care not to obstruct or delay their passage, the public are not deprived of the right to use all parts of a public street in an ordinary manner, and may drive along or across street car tracks located in a public street without becoming trespassers, and that a street railway company is chargeable with knowledge that the public may lawfully use the entire street, and that it must, in operating its cars, employ due care to avoid injuring those who are rightfully using that part of the street occupied by its tracks. The criticism made upon this instruction is, that it omits all reference to due care for his own safety on the part of a person driving upon or across a public street while passing over or along a street car track or tracks. It was not the design

of this instruction to give to the jury a statement of all the elements which they must take into consideration before they could find for the appellee or against the appellant, but it was its design to inform the jury of the relative rights of the appellee and appellant in the public streets of said city where the injury took place. In framing instructions it is not ordinarily required that any one instruction should state all the law of a case, but if an instruction is correct so far as it goes, and does not assume to point out all the elements of proof necessary to a recovery and direct a verdict, it may be supplemented by other instructions, and omissions therefrom may be supplied by other instructions. In this case two instructions given on behalf of the appellee and three given on behalf of the appellant specifically informed the jury that the appellee could not recover without proof on his part that he was in the exercise of due care for his own safety at the time he was injured. The twenty-third instruction given on behalf of appellant, which in part covered the proposition contained in appellee's seventh instruction, viz., that the street railway company has a superior right of way over other vehicles in the portion of the street occupied by its tracks, and that it is the duty of persons passing over or traveling upon said tracks not to obstruct or delay its cars, concluded as follows: "And if the jury believe, from the evidence, that the plaintiff neglected such duty and failed thereby to use ordinary care for his own safety at the time and place of the accident, and was thereby injured, then he cannot recover in this case." And the appellant's sixteenth instruction informed the jury "that the allegation in the plaintiff's declaration that at the time of the injury to the plaintiff he was using all due care and diligence, means that at the time he was in the exercise of ordinary care for his own safety and protection, and you are instructed that the allegation is essential and must be proven. And if the jury believe, from the evidence in the case, that the plaintiff did not exercise such ordinary care at the time of the injury

and immediately before the same, that then the jury should .find the defendant not guilty, regardless of whether the jury believe the defendant was guilty of negligence or not." The jury were fully instructed to the effect that the appellee could not recover unless the proof showed he was in the exercise of due care for his own safety at the time he was injured. We are of the opinion that the jury were not misled by the giving of appellee's seventh instruction.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*