The Chicago and Joliet Electric Railway Company

*v.*

Nancy J. Patton.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. Evidence—*when refusal to strike out answer is not reversible error.* Refusal to strike out the answer, "I have been a nervous wreck ever since," to a question put to the plaintiff as to her physical condition since the injury for which she is seeking to recover damages, is not reversible error, where there is other and ample evidence in the record to show her physical condition.

2. Instructions—*when instruction does not assume to direct a verdict without proof of injury.* An instruction stating that the questions involved, as alleged in the declaration, of negligence by the defendant, if any, and reasonable care by plaintiff, if any, "are what are known as questions of fact, which it is the duty and province of the jury to determine under the law and the evidence in the case," does not assume to summarize the elements of recovery and direct a verdict without proof of the fact of the injury.

3. Same—*when instruction does not submit question of law to the jury.* An instruction telling the jury that if they believe, from the evidence, that the plaintiff has proved the allegations contained in one or more counts of the declaration by a preponderance of the evidence she is entitled to recover, is not erroneous as submitting a question of law to the jury.

4. Appeals and errors—*question whether verdict was excessive is not open to review in Supreme Court.* Whether the verdict in an action for personal injury was excessive is a question of fact, upon which the judgment of the Appellate Court is conclusive.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. Dorrance Dibell, Judge, presiding.

E. Meers, (E. C. Hall, of counsel,) for appellant.

John W. D'Arcy, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of Will county for $6000 in favor of appellee, in a suit brought to recover damages for an injury she is alleged to have received while leaving one of appellant's cars in the city of Joliet. The evidence introduced by appellee tended to show that the car was stopped for the purpose of allowing passengers to alight, and that while she was attempting to leave the car it was suddenly and violently started forward without notice or warning, thereby throwing her to the pavement and injuring her side and hip severely, which injury was permanent in its nature.

At the close of all of the evidence appellant moved the court to instruct the jury to find for the defendant, and at the same time presented an instruction to that effect, which motion was overruled and the instruction refused, and this action of the trial court has been assigned as error. The motion made and the instruction offered raised the question, as a matter of law, as to whether there was any evidence before the court fairly tending to support the case made by the plaintiff's declaration. We are of the opinion that there is ample evidence in the record fairly tending to make a case for appellee. In fact, appellant's argument upon this assign-

ment of error is largely a discussion of the weight of the evidence and the credibility of the witnesses,—questions upon which the judgment of the Appellate Court is conclusive and which this court is not permitted to consider. The trial court properly refused to take the case from the jury.

It is next contended that the court erred in refusing to strike from the record an answer to a question, upon direct examination, interrogating appellee as to her physical condition since the injury. The answer was, "I have been a nervous wreck ever since." The answer was more a statement of a conclusion than a statement of fact. There is, however, ample evidence in the record to show the condition of appellee's health since the injury, and the jury saw and heard her testify and had opportunity to observe her condition, and could not have been misled by the foregoing statement. The refusal of the trial court to strike such answer from the record was not such error as should work a reversal of this case. *Chicago City Railway Co.* v. *Saxby,* 213 Ill. 274.

It is next objected that the trial court erred in giving two instructions for appellee. The first was as follows:

"The court instructs the jury that the questions involved herein, as alleged in the plaintiff's declaration, of negligence on the part of the defendant, if any, and the exercise of reasonable care on the part of the plaintiff, if any, are what are known as questions of fact, which it is the duty and province of the jury to determine under the law and the evidence in the case."

It is contended that this instruction is defective, in that it attempts to summarize the facts necessary for the plaintiff to prove in order to entitle her to recover but does not require her to prove she was injured. The instruction, in the opinion of the court, does not assume to point out the elements of proof necessary to a recovery and direct a verdict, but merely informs the jury that two of the elements in the case, those of due care and negligence, are questions of fact

for their determination under the law and the evidence, and is within the rule stated in *West Chicago Street Railroad Co.* v. *Schultz*, 217 Ill. 322, where, at page 325, it was said: "In framing instructions it is not ordinarily required that any one instruction should state all the law of a case, but if an instruction is correct so far as it goes, and does not assume to point out all the elements of proof necessary to a recovery and direct a verdict, it may be supplemented by other instructions, and omissions therefrom may be supplied by other instructions." Taking the instructions in this case as a series, the question of the injury to appellee was fully presented to the jury as an element that must be proved before she could recover.

The second instruction is as follows:

"If the jury believe, from the evidence, that the plaintiff has proved the allegations contained in one or more counts of her declaration by a preponderance of the evidence, and if the jury believe, from the evidence, that the plaintiff was injured as therein alleged, and if the jury believe, from the evidence, that the plaintiff, at the time of such injury, was in the exercise of reasonable care for her safety, and if you further believe, from the evidence, that such injury, if proved, was caused by or through the negligence of the defendant, as alleged in such count of the declaration, then the plaintiff is entitled to recover such damages as you believe, from the evidence, will compensate her for the injury sustained."

It is objected that the first clause of the instruction submits a question of law to the jury. This court has repeatedly held that an instruction telling the jury that if they believe, from the evidence, the plaintiff has proved his or her case as laid in his or her declaration they will find the issues for the plaintiff, not to be objectionable. *Mt. Olive and Staunton Coal Co.* v. *Rademacher*, 190 Ill. 538; *Central Railway Co.* v. *Bannister*, 195 id. 48; *West Chicago Street Railroad Co.* v. *Lieserowitz*, 197 id. 607.

It is further objected that the subsequent clauses of said instruction fail to instruct the jury as to the degree of proof required to establish plaintiff's case. In *Village of Altamont* v. *Carter,* 196 Ill. 286, in passing upon a similar objection, it was said: "A requirement in the first part of an instruction that the jury must base their findings upon the evidence applies and extends to all subsequent clauses in the instruction, and it is unnecessary in each of the succeeding sentences to inform the jury that they must find from a preponderance of the evidence." The objections urged as to the second instruction are not well taken.

The last assignment of error is that the verdict is excessive. That question was one of fact, conclusively settled by the judgment of the Appellate Court. *City of Elgin* v. *Nofs,* 212 Ill. 20.

A careful consideration of all errors assigned by appellant fails to disclose any error which would justify a reversal of this case. The judgment of the Appellate Court will therefore be affirmed.

                                    *Judgment affirmed.*