AARON V. WYCKOFF, JR., Appellee, vs. THE CHICAGO CITY
RAILWAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. TRIAL—*what evidence tends to support specific allegations of
negligence.* Proof that the place where the "grip" on defendant's
grip-car became caught was at or near the butt end of the movable
tongue of a certain switch, and that employees of the defendant's
wrecking crew drove wedges to widen the slot in which the grip
ran, tends to prove specific allegations that the slot had become
"filled, warped or clogged so that the grip would not pass" and that
the switch frog had become loose, unsafe and misplaced.

2. EVIDENCE—*the defendant cannot prove it has employees who
have certain duties to perform.* In an action against a street rail-
way company for injuries to a passenger caused by the "grip" of a
grip-car becoming caught, proof that the defendant had employees
who had certain duties to perform is not admissible, since duties
unperformed constitute no defense; and if the defendant proves all
that was, in fact, done by its employees in the way of inspection
and care of the track and appliances it cannot complain.

3. SAME—*when question asked of expert is objectionable.* It is
proper to sustain an objection to a question put to the defendant's
witness, as an expert, as to whether it would have been possible for
the accident to have occurred in a certain way, where that matter
is one which anyone to whom the situation was explained would
necessarily know and where there is no evidence for the plaintiff
tending to show that the accident occurred in that way. .

4. NEW TRIAL—*conduct of juror cannot be brought to attention
of court by affidavits.* The conduct of a juror cannot be brought to
the attention of the court by affidavits of the jurors themselves, or
affidavits of other persons, as to what the jurors have said to them
on the subject.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. JOHN L. HEALY, Judge,
presiding.

WILIAM J. HYNES, SAMUEL S. PAGE, and WATSON J.
FERRY, for appellant.

WING & WING, and FRED W. BENTLEY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Aaron V. Wyckoff, Jr., became a passenger upon a south-bound cable train of the appellant, Chicago City Railway Company, on State street, in Chicago. The train consisted of a grip-car drawing two passenger cars and propelled by an iron bar called a "grip," which passed from the grip-car down through a slot to a cable running in a conduit. Between Madison and Monroe streets the grip-iron stuck, and after a jerking motion the grip-car stopped although the cable continued to run. The train was running at the rate of five or six miles an hour and the passenger cars ran with much force against the grip-car. Appellee was standing on the front platform of the first car behind the grip-car, and that platform was broken and appellee was severely injured. When the accident occurred the wreck wagon of the defendant was called, and it was found that the grip-iron was stuck in some way and was immovable, and the men with the wreck wagon cut into it with a chisel and hitched onto it and broke it off to get the grip-car out of the way. Appellee brought this suit in the circuit court of Cook county to recover damages for his injuries and obtained a judgment, which has been affirmed by the Branch Appellate Court for the First District.

At the conclusion of the evidence the defendant asked the court to instruct the jury to return a verdict of not guilty, and also made a like motion as to each count of the declaration. The court sustained the motion as to the first and second counts and directed the jury to disregard them, but denied the motion as to the other counts and refused to direct a verdict as requested. The twelfth assignment of error is that the court erred in refusing to direct a verdict of not guilty, and it is contended that the court erred in such refusal because there was no evidence fairly tend-

ing to prove the specific charges of negligence contained in the counts of the declaration which were submitted to the jury. The third count charged that the defendant negligently suffered and permitted the slot through which the grip ran, or the conduit, to become filled, warped or clogged so that the grip would not pass, and the fourth count charged that the defendant negligently suffered and permitted an appliance known as a "frog" to become loose, unsafe and misplaced. There was no controversy over the fact that the grip, which was one of the appliances for the operation of the train, was stopped in some way, causing the accident, and it is admitted by counsel that if the charges of negligence in the declaration had been general in their character, that fact would have made a *prima facie* case calling upon the defendant to prove that the accident was unavoidable or attributable to a cause which it could not foresee or guard against. The fifth count charged negligence, generally, in the management and operation of the train, of which there was no evidence, and the third and fourth counts charged specific acts of negligence in respect to the slot or conduit and the switch or frog. The argument is, that the stoppage of the grip-iron in the slot and the happening of the accident raised no presumption that the accident and injury resulted from the specific acts of negligence so charged. On State street there were double tracks, and between Madison and Monroe streets there was a cross-over switch, used for the passage of cars from the east to the west track. There was a controversy at the trial as to the place where the grip stopped or stuck, but several witnesses testifying for the plaintiff said that the grip-car stopped directly over the switch. There was evidence tending to prove that the place where the grip-iron was caught was at or near the butt end of the movable tongue of the switch, which tended to prove the charge of one of the counts. There was also evidence that the wrecking crew drove wedges into the slot, the only purpose of

which was to widen it, which tended to prove the charge of another count. The evidence for the plaintiff was to be taken as true for the purpose of the motion to direct a verdict, and the court was not called upon to consider the contradictory evidence for the defendant in deciding the motion. There was no dispute of the fact that the grip-iron was wedged or caught in the slot, or below, and had to be broken to get the grip-car away, and in our opinion the evidence fairly tended to prove the charges of the third and fourth counts of the declaration. The court did not err in refusing to direct a verdict.

It is also contended that the court erred in excluding evidence offered by the defendant. The court refused to allow defendant to prove that it had employees who had certain duties to perform, but defendant was given full liberty to prove everything that was, in fact, done by any employee in the way of inspection, superintendence and care of the track and appliances. No matter how many employees defendant had or what duties they were charged with, it would be liable to plaintiff for a neglect by them of such duties, and inasmuch as duties unperformed would constitute no defense, the court did not err in the ruling.

A witness was asked about the possibility of a car going south running into the tongue of the switch, and the court sustained an objection to the question. That was a matter that anyone to whom the situation was explained would necessarily know, and there was no evidence for the plaintiff tending to show that the grip caught on the tongue of the switch. There was evidence fairly tending to raise an inference that the stoppage was at or near the butt end of the frog. It was not a question for an expert. The same witness, who had been an inspector for the defendant for a great many years, was asked if he had ever known of an accident occurring by reason of anything getting into the slot. The question gave no indication of the examiner's purpose, but there was no evidence tending to prove that

anything had got into the slot on this occasion. If the purpose was to prove that no such accident had ever happened, that fact would tend to prove that there was something wrong with the slot or conduit or appliance, and would rather raise an inference of negligence than the contrary. In either view the defendant was not harmed by the ruling.

The only other proposition presented in argument is, that the court ought to have granted a new trial on account of the improper conduct of a juror. The defendant filed an affidavit of W. H. Halane that on July 5, 1906, fifteen days after the verdict was returned, he had a conversation with one of the jurors, who said that during the trial he went to the scene of the accident and rode on a car and decided the case from his own personal observation and facts learned in that way. The court refused to consider the affidavit and did not err in so doing. The conduct of a juror cannot be brought to the attention of the court by affidavits of the jurors themselves or affidavits as to what jurors have said on the subject. (*Heldmaier* v. *Rehor*, 188 Ill. 458.) The affidavit would have been rejected if the juror himself had sworn to it, and as presented it was nothing but hearsay, without the sanction of an oath.

The judgment is affirmed.            *Judgment affirmed.*