Fred Rink, Appellee, v. St. Louis Southwestern Railway Company, Appellant.

1. RAILROADS—*degree of care required at public crossings*. The degree of care required of railroads at public crossings depends upon the facts and circumstances of each particular case, and is peculiarly a question for the jury.

2. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law*. Failure to look and listen before crossing a railroad track cannot be said in every case to be negligence as a matter of law.

3. INSTRUCTIONS—*must not invade province of jury*. An instruction is properly refused which invades the province of the jury.

4. INSTRUCTIONS—*when sufficiently specific upon question of negligence*. An instruction which tells the jury that if they believe from the evidence that the plaintiff has proved his case as laid in the declaration they will find the issues for the plaintiff, is not subject to objection.

5. TRIAL—*what papers should not be taken by jury upon retirement*. The pleadings should not be sent out with the jury with their instructions.

Action in case. Appeal from the City Court of .East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

L. O. WHITNEL, for appellant; S. H. WEST, of counsel.

D. J. SULLIVAN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is an action in case brought to the City Court of East St. Louis by appellee against appellant, to recover damages to his team of horses and harness which were struck by one of the defendant's passenger trains, September 27, 1906, at a crossing of the public road leading from East St. Louis to Madison and the Merchants' Bridge Terminal Railway Company's tracks on which the defendant's train was then running.

There was a trial by a jury, resulting in a verdict and judgment for appellee for $75.

The negligence charged in the second and third counts of the declaration upon which the case went to the jury is, in substance, that the defendant so negligently and carelessly ran its train of cars over said crossing, at a high rate of speed, without ringing a bell or blowing a whistle, and without notice of its approaching the crossing, that said train was, driven against plaintiff's team, etc.

Counsel for defendant insists that the evidence is not sufficient to support the verdict and judgment, and made the proper motions in apt time to exclude the evidence and direct a verdict of not guilty. He also contends that the court erred in refusing to give certain instructions for the appellant; and in giving certain others for the appellee.

We have examined the evidence in this record with great care, and find that it fully supports the plaintiff's declaration. The driver of appellee's team testified that he stopped about twenty feet before reaching this crossing to look to see "if there was anything coming;" that he saw a switch engine pushing a string of box cars on the east track of the three tracks on this crossing; that there was a man sitting on the wheel on top of the first car, that he took to be a brakeman, who beckoned to him to come on; that he whistled to the brakeman to see if the brakeman meant him, and that he was again signaled by the brakeman to come on and he then started across and was struck while crossing. He also denies that he and the other boy with him were rolling cigarettes or scuffling in the wagon and were not watching as the train approached him. The evidence also clearly shows that there were three tracks of this railroad on this crossing and that there was a long string of box cars between the driver and the passenger train and that he could not see this train for quite a ways until almost on the track. The conductor testifies that this was a dangerous crossing. The evi-

dence for the plaintiff was that the train was running about twenty-five miles an hour and did not ring any bell or give any warning until within a few feet of the team. The evidence of the defendant was confined to proof tending to show that the train crew were not negligent in any way, and that they were running ten to twelve miles an hour; and that the bell had been kept ringing by an automatic ringer from the time they left Union Station, St. Louis, until they hit the team, and that these boys were playing and paying no attention to the train. No one of the switching crew on this crossing that morning was sworn. The witnesses were about equally divided on the contested points. In this state of the evidence it is proper that the jury should finally determine as a matter of fact whether the plaintiff's driver was guilty of contributory negligence; and, also, the further question of whether or not the defendant was guilty of the negligence charged in the declaration. Failure to look and listen before crossing a railroad track cannot be said in every case to be negligence as a matter of law. There may exist many circumstances excusing such failure. So also the degree of care required of the railroad company at public crossings depends upon the facts and circumstances of each particular case, and is peculiarly a question for the jury. Dukeman, Admr., v. C. C. C. & St. L. Ry. Co., 237 Ill. 104; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313.

There was no error committed by the court in refusing to give the defendant's instructions, numbered 7, 9 and 10. Instruction No. 7 invades the province of the jury, by telling them that if the bell was rung and the whistle was sounded, for the distance required by the statute before reaching the crossing, and that the persons on the engine were keeping a lookout for persons who might be on said crossing, that then the plaintiff has failed to prove the defendant guilty of negligence as charged. This instruction omitted the question of the speed of the train in determining the

question of the defendant's negligence, and did not require the jury to find that defendant's servants were exercising reasonable diligence in looking out for persons on the crossing. The instruction put it as sufficient if they were looking out, etc., without regard to what diligence they were using in that regard. The substance of instructions Nos. 9 and 10 was given in other instructions, and the court very properly refused to repeat them.

The only objection raised to the plaintiff's instructions is that some of them merely contain the direction to the jury, "If you believe from the preponderance of the evidence that the servants in charge of the defendant's train were guilty of negligence," etc., "as alleged in the second and third counts of the declaration," without pointing out more definitely the acts of negligence to which they refer. The Supreme and Appellate Courts have many times held that an instruction telling the jury that if they believe from the evidence the plaintiff has proved his case as laid in the declaration they will find the issues for the plaintiff, not to be objectionable. C. & J. Elec. Ry. Co. v. Patton, 219 Ill. 214; Chicago City Ry. Co. v. Foster, 226 Ill. 288; C. & A. Ry. Co. v. Howell, 109 Ill. App. 551; C. R. I. & P. Ry. Co. v. Cleveland, 92 Ill. App. 308.

The true rule is stated in the two appellate court decisions at the respective pages above cited, to the effect that when the declaration does not aver all the necessary elements upon which a verdict for the plaintiff must be predicated, then such an instruction is erroneous, unless the instruction submits to the jury for their finding the element lacking in the declaration. In other words before any instruction can be sustained, which directs a verdict for the plaintiff upon making certain findings from the evidence, all the necessary ultimate facts upon which a finding is to be made for plaintiff, must be submitted to the jury for their finding. If any ultimate fact, the finding of which is necessary to plaintiff's recovery, is not averred in the decla-

ration, then the instruction must submit this fact for the finding of the jury, if it directs a verdict for the plaintiff, or it must be held to be error. The better and safer practice for a plaintiff's attorney to follow in suits of this character is to state in an instruction in clear and succinct language what are the material averments in the declaration, and then to further state clearly and unequivocally that if the jury find from the greater weight of the evidence that these averments are proved, that then the plaintiff has established his right to recover. The pleadings should not be sent out with the jury with their instructions. The Supreme Court has condemned this practice of submitting the pleadings to the jury with their instructions, and particularly without first having told the jury what are the real issues in the case. Elgin, A. & S. Traction Co. v. Wilson, 217 Ill. 47. The defendant in this case, also, had the right to submit instructions telling the jury in unmistakable language what averments the jury must find to be proved before the plaintiff could recover. Failing to do this, it cannot now complain that the jury may not have understood the issues clearly. It is the duty of both parties to aid the jury to fully comprehend the issues. Perceiving no error in the record, the judgment of the lower court is affirmed.

*Affirmed.*