William Smith, Plaintiff-Appellee, v. Illinois Valley Ice Cream Co., an Illinois Corporation, and Lyle Weber, Defendants-Appellants.

Gen. No. 11,189.

Second District, First Division.
January 26, 1959.
Rehearing denied March 5, 1959.
Released for publication March 5, 1959.

312

315

Zwanzig, Thompson & Lanuti, of Ottawa, for defendants-appellants.

Peter F. Ferracuti, of Ottawa, for appellee.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

This is an appeal from a judgment in the amount of $25,000 for personal injuries sustained by the plaintiff in a motor vehicle collision on July 6, 1954. The plain-

tiff was riding as a passenger in a pick-up truck of the J. P. Wetherby Construction Co. when this truck, driven by Albert Cole, collided with a milk truck owned by the defendant, Illinois Valley Ice Cream Co., and driven by Lyle Weber.

The truck in which the plaintiff was riding was being driven in a northerly direction on Sanger Street in Ottawa near a point where Sanger Street was intersected by Lafayette Street. Sanger Street, at this point, extended generally north and south and Lafayette extended generally east and west. The defendant's milk truck was being driven west on Lafayette and struck the rear of the pick-up truck. Traffic on Sanger Street was controlled by stop signs, and Lafayette was a through street. At the place of the collision, the speed limit was 25 miles per hour.

Plaintiff's evidence tended to show that the truck in which the plaintiff was riding stopped at Lafayette and then proceeded north at a reasonable rate of speed and was struck in the rear by the defendant's truck which was travelling at a high rate of speed. There was evidence that defendant's truck left skid marks for fifty feet before striking a tree west of the intersection. The truck plaintiff was riding in was turned around 180° and was on the shoulder.

The evidence is uncontradicted that the truck in which the plaintiff was riding was further into the intersection at the time of impact and was travelling more slowly than the defendant's milk truck.

Defendant's evidence tended to show that their truck was being driven at a lawful rate of speed and that the truck in which plaintiff was riding did not stop at the stop sign. Defendants showed that their truck was equipped with a governor set to restrict the speed of the truck to 32 to 36 miles per hour.

Both vehicles sustained heavy damage in the collision, and the plaintiff was said to have struck his hand

317

on the dash of the truck in which he was riding. He sustained a fractured hand which healed satisfactorily. However, there was evidence of injury to the median and ulnar nerves, resulting in a condition characterized as a "claw hand" which an expert witness said could have been caused by the injury received in the collision. The condition was said to be permanent.

Plaintiff was a semi-skilled laborer, 46 years old, earning $2.65 per hour. He was right handed and the condition complained of was to his right hand.

On the day the cause was set for trial, the defendant moved for leave to file a special plea alleging that plaintiff's injuries, if any, were proximately caused by the negligence of some third person, for whose conduct the defendants were not responsible. From all that appears in the record, the motion was without notice to the plaintiff. Plaintiff objected to the filing of the special plea, and leave to file the plea was denied.

■ ■ Defendants contend and plaintiff admits that a court may grant leave to file a special plea at any time. Authority for such action can be found in section 46 (1) Civil Practice Act, Chapter 110, Illinois Revised Statutes, 1957. This section provides as follows,

"At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either in form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand." It is conceded by

both parties that the granting or refusal of any amendment lies within the sound discretion of the trial court. The question then is whether or not the court has abused its discretion in refusing to allow the amendment.

■ In defendant's motion, no special reasons are alleged for the action sought to be taken nor was any excuse made for having failed to have made the amendment at an earlier date. By the same token, the record is silent as to what the plaintiff's objections were. We can assume, however, that the court considered the motion and the objections and that its decision was based upon a hearing on the motion and objections thereto. No record of the hearing appears in the record or abstract. With the record in this condition we are not prepared to say that the court abused its discretion in refusing to allow the amendment.

If we were to say that the court abused its discretion with no showing in the record of any circumstances proved on the hearing on the motion, we would be saying that the court had no discretion at all. For if the court has discretion to allow the amendment, but no discretion to deny the amendment, it cannot be said that the action is discretionary. Before we would be justified in finding that the court abused its discretion and acted arbitrarily and capriciously, that abuse and arbitrary and capricious action should be demonstrated by matters within the record. Without such a showing we conclude that the court acted properly when leave was denied to make the amendment.

■ On the trial of the cause, the defendant offered to prove that the plaintiff had received unemployment compensation and had made a statement to an employee of the Department of Labor to the effect that he was able to work. Plaintiff contended that he was prevented from working as a semi-skilled laborer by reason of his injury.

319

The receipt of unemployment compensation payments was said to be competent because that evidence showed that a statement was made as to the plaintiff's ability to work. The offer of proof was refused and the objection sustained.

Section 640 of Chapter 48, Illinois Revised Statutes, 1957, provides in part as follows:

"Except as is hereinafter provided in this Section, information obtained from any individual or employing unit pursuant to the administration of this Act shall be confidential and shall not be published or be open to public inspection, nor be used in any court in any action or proceeding pending therein, nor be admissible in evidence in any action or proceeding other than one arising out of the provisions of this Act. . . ."

Defendant contends that the witness would not have been allowed to testify as to the records of the Department of Labor, but rather, matters of his own knowledge. We cannot distinguish between the use of the records and the "fruit" of the records. Also, the prohibition of the statute is not directed to records of the Department of Labor, but rather, the prohibition excludes the disclosure of "information obtained from any individual."

Further, the offer of proof is insufficient in form to preserve any error with respect to this point. The court did not err in denying the offer of proof.

■ Complaint is made that the court permitted answers to an improper hypothetical question. The questions propounded sought to establish the element of causation according to the attending physician's opinion based upon a reasonable degree of medical certainty. This question was a full two pages in length in the report of proceedings and the defendant objected on the grounds that "the form is not proper, circumstances contrary to the facts in evidence." De-

320

fendant did not point out facts in the evidence which were contrary to the form of the question.

Courts have frequently had occasion to consider the sufficiency of such an objection. In Placher v. Streepy, 19 Ill.App.2d 183, we said "Defendant did not detail the elements said to be omitted from the hypothetical and with supplying these elements, any error in such a question is waived by failing to point out the omitted elements."

In Goldberg v. Capitol Freight Lines, 382 Ill. 283, the court in considering a general objection to a hypothetical question said, "Complaint is also made of the failure to include, as an essential element of the hypothetical questions propounded to various experts, certain facts regarding the physical condition of the plaintiff. No specific objection based on the failure to include such facts as elements for consideration in the hypothetical questions was made at the trial. It was the duty of the defendants to point out the failure to include such elements in order to afford the plaintiff an opportunity to remedy the defect, if such existed. Griswold v. Chicago Railways Co. 339 Ill. 94, Chicago Union Traction Co. v. Roberts, 229 Ill. 481."

Defendants also contend that the court permitted testimony based on speculation and conjecture. They say that certain facts included in the hypothetical question were not in evidence, and so the question as well as the answers were speculative and conjectural. The answer to this contention is that any error was waived by failure to point out the elements improperly included in the question.

The reason for the requirement that the matters improperly included as well as omitted be pointed out is obvious. It is not fair to cast upon the court the burden of recalling each bit of evidence and searching the hypothetical question, which is often extremely long, to determine if every essential element was contained

321

in the question and to be sure that no facts contrary to the evidence were included. If a litigant has a reason for the objection, that reason should be communicated to the court so that the court can rule accordingly. If the party objecting cannot assign an error, it is not the office of the objection to test the recollection of the judge on appeal. Catlin v. Traders Ins. Co., 83 Ill. App. 40; Chamblin v. New York Life Ins. Co., 292 Ill. App. 532, 11 N.E.2d 836.

██ Defendant also contends that there was a failure of proof on proximate cause of the injuries to the occurrence complained of. We conclude that the answer of the expert to the hypothetical question was evidence of a causal relationship between the injury and the occurrence. "Where there is a dispute as to the injury, then the attending physician or the physician testifying as an expert may be properly asked as to whether he can state with a reasonable degree of medical certainty whether there might or could be a causal relationship between the facts assumed in the hypothetical question and the condition of the hypothetical patient." Santiemmo v. Days Transfer, Inc., 9 Ill.App.2d 487. There was testimony that the condition might or could have been caused by the incident complained of. There is implicit, in the verdict of the jury, a finding that the injuries were proximately caused by the collision. This finding has an evidentiary basis and we are unable to conclude that it is against the manifest weight of the evidence. There is no merit in the contention that there was a failure of proof on causation.

██ ██ Complaint is also made of certain answers of the medical experts. Some of the matters objected to were stricken by the court on defendant's motion. Other matters were developed by the defendants on cross examination and they cannot be heard to com-

plain. The point that the doctors' testimony was speculative and conjectural is untenable.

■ Error is assigned on the basis of testimony said to contain an improper reference to insurance and an alleged offer of compromise. The testimony claimed to be prejudicial was given by the plaintiff on redirect examination, and is as follows: "He (one of the defendant's counsel) told me not to see or make any statements to any person because my hand was not in the shape to be ready for any settlement with them."

Defendants objected to the testimony on the basis that it carried an inference or connotation of insurance and made a motion for a mistrial. The motion for mistrial was denied. In the post-trial motion, defendants also contended that the testimony contained an offer of compromise and was inadmissible.

Certainly the statement carried no connotation of insurance. The desired result of any suit filed in our courts is a favorable settlement or a favorable verdict. This is true without regard to who is plaintiff or defendant or without considering the type of case involved. The desire or availability of a verdict or a settlement is no more indicative of insurance protection than it is indicative of the want of insurance protection.

The objection that the statement constituted an offer in compromise is untenable. The statement contained no offer of compromise. An offer is a proposal to do a thing. An offer of compromise, then, would be a proposal to compromise a claim. As far as the record shows, defendant never offered anything and there could not have been a compromise, rather, the statement indicates that the counsel was attempting to induce the plaintiff to sue some third person.

Plaintiff tendered and the court gave an instruction on the allegations of the plaintiff's complaint. The in-

323

struction advised the jury of four specific charges of negligence and stated that those charges were denied by the defendant. In conclusion, the jury was told that those were the issues they were to determine under the evidence and instructions of the court. No peremptory language was used. This was objected to in the instruction conference by a general objection and in the defendant's post-trial motion the defendants contended that one of the charges of negligence stated in the instruction was not alleged in the complaint, and complained further that the instruction omitted the allegation that the injury was proximately caused by the occurrence, and was unnecessarily lengthy and prejudicial.

Plaintiff, at the time of the hearing on this post-trial motion, asked and was granted leave to amend his complaint and to include an allegation of negligence as contained in the instruction. Defendants now urge that the giving of this instruction was reversible error.

This instruction should be distinguished from the type of instruction frequently the subject of criticism and held to be reversible error in Signa v. Alluri, 351 Ill. App. 11. Plaintiff's instruction No. 3 was not peremptory. It does not undertake to tell the jury that if it found defendants guilty of the negligence charged, it should find for the plaintiff. Goldberg v. Capitol Freight Lines, 382 Ill. 283; Murphy v. Illinois State Trust Company, 375 Ill. 310; Bernier v. Illinois Cent. R. Co., 296 Ill. 464, 129 N. E. 747.

With reference to the question of prolixity, peremptory instructions more verbose in form have been held not to constitute reversible error. Reivitz v. Chicago Rapid Transit Co., 327 Ill. 207, 158 N. E. 380; Liska v. Chicago Rys. Co., 318 Ill. 575.

■ The failure to include in the instruction, the element of proximate cause is not reversible error. It is well established that an instruction need not em-

brace all the law of a case. In West Chicago St. R. Co. v. Schulz, 217 Ill. 322, 75 N. E. 495, the court said, "In framing instructions it is not ordinarily required that any one instruction should state all the law in a case, but if an instruction is correct so far as it goes, and does not assume to point out all the elements of proof necessary to a recovery *and direct a verdict,* it may be supplemented by other instructions, and omissions therefrom may be supplied by other instruction." Chicago & J. Elec. Ry. Co. v. Patton, 219 Ill. 214, 76 N. E. 381.

Plaintiff's instruction No. 2 instructed the jury on the elements necessary for the plaintiff to prove in order for the plaintiff to recover. The element of proximate cause was included in this instruction and was given without objection. We feel that plaintiff's instruction No. 2 cured any defect in plaintiff's instruction No. 3 as far as the question of proximate cause is concerned. The Supreme Court said in Shekerjian v. Shekerjian, 346 Ill. 101, "Inaccuracy in one instruction will not warrant a reversal where the law is correctly stated in another instruction and where the evidence is of such a character as to negative any inference of harm resulting from the faulty instruction." City of Gibson v. Murray, 216 Ill. 589, 75 N. E. 319.

The jury was advised that they should not pick out one instruction and disregard all the others, but rather, that they should consider all of the instructions as one connected series. Considering this instruction and plaintiff's instruction No. 2, and inasmuch as the instruction objected to was not peremptory in form, we conclude that the instruction was not prejudicial for the reason that it omitted the element of proximate cause.

■ There remains a further contention that instruction No. 3 was erroneous in that it advised the

jury that the defendant was charged with the violation of a municipal ordinance regulating the speed of vehicles, when, in fact, no reference was made in the complaint to the ordinance involved. The plaintiff proved that the area where the collision occurred was posted to restrict vehicles to a speed of 25 miles per hour. No objection was raised that this evidence was outside the scope of the pleadings. The complaint charged that the defendant drove his truck at a dangerous rate of speed. After the omission was called to the plaintiff's attention by the post-trial motion, he amended his complaint to include the allegation concerning the municipal ordinance. Section 46 (3) of the Civil Practice Act, Chapter 110, Illinois Revised Statutes, 1957, provides that, "a pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs." Prior to the giving of the instruction, the jury had no knowledge of the contents of the complaint. With the evidence before the jury to show the violation of the ordinance, the giving of such a charge could not have prejudiced the defendant. Had the omission been specifically called to the plaintiff's attention at the time of the conference on instruction, plaintiff could have amended his complaint and then included the charge in the instruction. No prejudicial error can have been committed by giving the instruction prior to the amendment with proof of the violation before the jury.

██ Defendants complain of the giving of another of plaintiff's instructions as being prejudicial error. In particular, defendants contend that the giving of plaintiff's instruction No. 6, advising the jury that the negligence, if any, of the driver of the vehicle in which plaintiff was riding, could not be imputed to the defendant, was error. The instruction failed to discuss the question of proximate cause. This was not

326

pointed out in the defendant's objection at the time of the instruction conference, but rather, was raised for the first time on the motion for new trial. The court observed that in view of all the instructions, he would give plaintiff's instruction No. 6. As we observed earlier, the omission in this instruction was adequately cured by other instructions discussing proximate cause. This was not a peremptory instruction.

In addition, we fail to see how this instruction, in its present form, could have been prejudicial to the defendants. The instruction stated that if the drivers of both vehicles were negligent, the negligence of the driver of the vehicle plaintiff was riding in could not be imputed to the plaintiff. This is true, whether the negligence be a proximate cause of the occurrence or not. The court did not err in giving plaintiff's instruction No. 6.

■ Defendants also contend that the refusal of other instructions offered by them was error. Defendants' instructions No. 2, 14, 15, 16, and 17 were right-of-way instructions attempting to define the respective rights of the parties. The instructions were applicable to unprotected intersections, whereas the intersection in question was equipped with stop signs on Sanger Street. The court properly refused these instructions.

■ Instruction 19 offered by the defendants instructed that Lafayette was a through street and that: "You are further instructed that within the meaning of this ordinance the vehicle approaching Sanger Street on Lafayette Street has the right of way over one approaching Lafayette Street from Sanger Street and that the driver of the vehicle approaching Lafayette Street on Sanger Street shall stop in obedience to a stop sign at an intersection where a stop sign is erected, and shall yield the right of way to other vehicles which have entered the intersection from said

327

through highway or which are approaching so closely on said through highway as to constitute an immediate hazard."

This instruction omits to inform the jury that a vehicle having so yielded the right of way may proceed on or across the through highway when it can be reasonably ascertained it may do so without danger. De Legge v. Karlsen, 17 Ill.App.2d 69. This instruction was properly refused.

In defendant's post-trial motion, it is alleged that the defendant was prejudiced by matters outside the record in the cause. There appears in the records an affidavit of an attorney associated with counsel for the defendant, which affidavit recites that he was informed by a juror that the most important factor in finding the defendant guilty was the fact that the defendant, Lyle Weber, was arrested for speeding at the time of trial. This, so the affidavit stated, appeared in the local newspaper while the case was being tried. Another affidavit was filed, executed by a juror, recited that she was told by other jurors that the defendant, Lyle Weber, had been arrested for speeding at the time of trial. A counter-affidavit was filed, executed by the same juror, wherein that juror stated that the verdict was not influenced by this information. Defendants contend that they were denied a fair trial by reason of the foregoing.

A contention similar to the one presented here was made in Wyckoff v. Chicago City R. Co., 234 Ill. 613, 85 N. E. 237. In that case the defendant filed an affidavit that a juror advised him that the juror had visited the scene of the accident and rode on the car and decided the case from his own personal observations. The court refused to consider the affidavit and stated, "The conduct of a juror cannot be brought to the attention of the court by affidavits of the jurors themselves or affidavits as to what jurors have said

328

on the subject. (Heldmaier v. Rehor, 188 Ill. 458, 59 N. E. 9.) The affidavit would have been rejected if the juror himself had sworn to it, and as presented it was nothing but hearsay, without the sanction of an oath."

The attorney's affidavit in this case is only hearsay and cannot be considered to impeach the verdict of the jury.

Defendants admit that the general rule is that affidavits of jurors are not to be considered to impeach their verdict. City of Chicago v. Saldman, 129 Ill. App. 282. Here the rule should certainly be applied, for the counter-affidavit of the juror shows that her judgment was not influenced by the matters outside the record. The counter-affidavit tends to support the verdict and this we may consider. As was said in Loucks v. Pierce, 341 Ill. App. 253, "Affidavits of jurors may be received to support the verdict, but not otherwise. The only exception ever actually allowed in this State, is to permit the correction of an error in the writing up of the verdict, or the mistaken use of names. These are not really exceptions, since they are to make the true verdict of all apparent, not to upset it. We must hold that the juror's affidavit filed in this case cannot be given any weight whatever." The trial court did not err in refusing to consider these affidavits.

In addition to the foregoing, it is also contended that the award of the jury is excessive so as to indicate prejudice and passion. Plaintiff was a semi-skilled laborer. The only injury of any consequence was sustained to the right hand of the plaintiff. It is plaintiff's contention that the injury was that type of injury characterized by the words, "claw hand." Defendants vigorously deny that plaintiff's condition is properly called a "claw hand." Regardless of the nomenclature there was evidence of a serious injury to the

329

plaintiff's right hand which would prevent him from ever again working as a laborer. Evidence was offered to show the extent of diminution of earnings. Plaintiff had a life expectancy of twenty-two years and was in good health before the injury. At the time of the injury he was earning $2.65 per hour. The year before the injury, plaintiff earned $4,409.50. Ordinarily, the question of damages is for the trier of the facts and it is only in those cases where we conclude that the trier of the facts has not fairly discharged its duty that we are justified in substituting our judgment. Here the contentions of the parties are as far apart as east and west. Accepting the theory and description of the plaintiff's injury as contended by the plaintiff, we are not shocked or concerned by the size of the award. Accepting as true, the position of the defendant concerning the extent of the injury, the award would be clearly excessive. The obvious result is a factual question which has been determined in favor of the plaintiff's contention. We find that conclusion is supported by convincing evidence. Here the jury and the trial court were in a superior position to weigh the extent of the injury. The hand was shown to the jury and the court, while all that we know of the injury is contained in the abstract. No pictures of the hand are in the record.

In Barango v. Hedstrom Coal Co., 12 Ill.App.2d 118, 138 N.E.2d 829, the court said, "There is no precise rule by which an award of damages can be fixed in an action for personal injuries because compensation for them does not lend itself to mathematical computation. In the case before us, the question of damages involves no question of the weighing of evidence. The only question presented to us is whether the jury on the evidence before them could have returned the verdict in issue. Here the trial court denied the motion for a new trial and the denial by the trial court of a

330

motion to set aside a verdict claimed to be excessive is entitled to weighty consideration."

We decline to substitute our judgment for the judgment of the jury and the trial court on the question of damages.

 It is urged that plaintiff's counsel erred by injecting improper reference to the plaintiff's race. The plaintiff is a negro. We find nothing of an improper or prejudicial nature in plaintiff's argument. Apparently, defendants' counsel did not find the argument objectionable at the time it was delivered for there were no objections made to the argument.

Our Supreme Court, in Department of Public Works v. Anastopolo, 14 Ill.2d 216, said, "Alleged error in the closing argument to the jury will not be considered on appeal, in the absence of a ruling by the trial court as to the propriety of the argument. In this case, objection was interposed to certain of the remarks of counsel in his closing argument, but there was no ruling obtained from the court and the absence of such a ruling precludes review in this court. (Waschow v. Kelly Coal Co., 245 Ill. 516, 92 N. E. 303; Pike v. City of Chicago, 155 Ill. 656, 40 N. E. 567.) In the last cited case the court said: 'It is next claimed that improper remarks were made by counsel for petitioner in opening and closing the argument to the jury. It is a sufficient answer to this objection that the court was not called upon to make any ruling upon the objections noted by counsel. That was necessary in order to raise the question here.' "

In County of Cook v. Colonial Oil Corp., 15 Ill.2d 67, the court stated, "We have consistently held that experienced counsel cannot take a chance of failing to make objections and then, upon receiving what they consider to be an adverse jury verdict, claim error." (City of Chicago v. Vaccarro, 408 Ill. 587.)

We cannot consider the claimed error in argument.

331

Other errors are also urged. Defendants contend that the verdict is against the manifest weight of the evidence and that the injuries, if any, were not proximately caused by the collision in question. These questions are for the jury, and we may not substitute our judgment on disputed questions where the verdict cannot be said to be against the manifest weight of the evidence. This is so well established that no citation of authority is necessary.

We conclude that the cause was fairly tried and the record is free of any prejudicial error. The judgment is affirmed.

Affirmed.

DOVE and McNEAL, JJ., concur.