ERNST HELDMAIER

*v.*

OTTO REHOR.

*Opinion filed December 20, 1900.*

NEW TRIAL—*when alleged misconduct of jury is not properly presented on motion for a new trial.* Alleged misconduct of the jury cannot be brought to the attention of the court, on motion for new trial, by affidavits of the jurors themselves or of persons swearing to statements made by the jurors, since such affidavits will not be received to impeach the verdict.

*Heldmaier* v. *Rehor,* 90 Ill. App. 96, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This is an action of trespass on the case, brought on June 17, 1895, in the superior court of Cook county by the appellee, a minor, suing by his next friend, against the appellant to recover damages for personal injuries. A plea of not guilty was filed. A trial was had before the court and a jury, which resulted in a verdict of guilty

against the defendant, and assessing damages in favor
of the plaintiff.    A motion for a new trial was made by
defendant and overruled, and judgment was entered upon
the verdict. An appeal was taken to the Appellate Court,
where the judgment has been affirmed.    The present ap-
peal is prosecuted from such judgment of affirmance.

GEORGE W. PLUMMER, and WHARTON PLUMMER, for
appellant.

BRANDT & HOFFMANN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

In this case no complaint is made by the appellant of
any error committed by the trial court in the admission
or exclusion of evidence, or in the giving or refusal ·of
instructions.    The questions involved are purely ques-
tions of fact, which are settled by the judgment of the
trial court in favor of the plaintiff, and by the judgment
of the Appellate Court affirming the judgment of the trial
court.    The accident, which resulted in injury to the ap-
pellee, occurred on June 11, 1895, on Center avenue in the
city of Chicago between Seventeenth and Eighteenth
streets. The appellee was a little child two and one-half
years old at the time when the accident occurred. Appel-
lant is a cut-stone contractor, having been in that busi-
ness in Chicago for more than twenty-five years, and
having his stone yard in the south-west part of the city.
On the afternoon of June 11, 1895, one Anton Jacobs, who
was then and had been for about a year prior thereto in
the service of the appellant, was driving, along Center
avenue and northward thereon, a wagon, belonging to
the appellant and loaded with stone.    The load on the
wagon weighed about four tons, and consisted of five or
six pieces of stone cornice in length from four feet ten
inches to five feet, long enough to project over the width

of the wagon bed; and upon these larger stones were placed forty or fifty pieces of smaller stones.

The appellee's parents lived on Center avenue opposite the place where the accident occurred. Some five witnesses, living and doing business in the neighborhood, swear that the child was a few feet in front of the horses attached to the wagon when the wagon approached him. There were street car tracks in the street, and the wagon appears to have been driven with its wheels upon the street car tracks. The witnesses of the appellee testified, that the child was between the tracks and in front of the wagon; that Jacobs, at the time of the accident, was sitting on the seat in the front part of the wagon, with his elbows upon his knees and his head down, observing nothing in front or on the side, but apparently asleep or drunk; that one or two of the persons, who witnessed the position of the child, called to the driver of the wagon, but failed to arrest his attention; and that it was necessary to shake him in order to arouse him from the apparent lethargy, in which he appeared to be.

Some two or three witnesses testify, on behalf of the appellant, that the child ran out from the sidewalk into the street to the side of the wagon, and attempted to climb upon the stone on the wagon, and, while doing so, fell under the wheel of the wagon. The evidence shows, that the hind wheel of the wagon passed over one of the legs of the child, and cut it off, or injured it so that it was necessary to amputate it.

The theory of the appellee is, that the front platform of the wagon knocked the child down, and passed over him, until the hind wheel reached him, when he was injured in the manner above stated. The appellant introduced some testimony for the purpose of showing, that the space between the bottom of the wagon and the surface of the ground between the tracks, which was paved with cobble-stones, was not great enough to permit the wagon to pass over the child without tearing him to

pieces and mangling his body. The testimony, however, of the plaintiff contradicted this theory of the appellant. The jury seemed to believe the testimony introduced by the plaintiff, and not that introduced by the defendant. It was purely a question of fact for their determination, and we cannot interfere with the judgments below, so far as this question of fact is concerned.

Upon the motion for a new trial, appellant introduced several affidavits for the purpose of showing, that two of the jurors, after the verdict was rendered, stated that, pending the trial, they examined a stone wagon to ascertain whether there was space enough under it for it to have passed over the body of the child in the manner testified to upon the trial. The court refused to consider the affidavits thus presented, and overruled the motion for a new trial.

It is undoubtedly true, that a jury must rely upon the evidence introduced in court, and cannot go outside for the purpose of getting facts upon which to base their verdict. (*Stampofski* v. *Steffens,* 79 Ill. 303). But such misconduct on the part of the jury, if it occurred, could not be brought to the attention of the court on a motion for new trial by the affidavits of the jurors themselves, or by the affidavits of persons swearing to statements, made by the jurors in regard to the mode in which their verdict was ascertained.

It is well settled in this State, that the affidavits of jurors made after the trial will not be received to impeach their verdict; nor will affidavits as to statements made by jurymen be received to impeach their verdict. (*Palmer* v. *People,* 138 Ill. 356; *Sanitary District* v. *Cullerton,* 147 id. 385; *Smith* v. *Smith,* 169 id. 623; *Bonardo* v. *People,* 182 id. 411). In the case at bar, the two jurymen, whose conduct is complained of, did not make any affidavit or affidavits, but the affidavits presented, two of which were by the appellant himself and one of his attorneys, set forth that the jurymen in question stated in their pres-

ence, that they examined a stone wagon for the purpose aforesaid during the trial.    As was said in *Smith* v. *Smith*, *supra:* "Nor can evidence of outsiders as to facts derived from members of the jury concerning their action be received to impeach a verdict."    Hence, the court below properly disregarded the affidavits so presented to him. It has been said, that "the grounds stated for the rejection of such affidavits have usually been: First, because they would tend to defeat the solemn act of the jurors; second, because their admission would open the door to tampering with jurymen after their discharge; third, it would furnish to dissatisfied and corrupt jurors the means of destroying the verdict to which they assented." (3 Graham & Waterman on New Trials, p. 1428).

We find no error in the record, which would justify us in reversing this judgment.    Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*