Tony Josate, Appellant, v. Frank Mack, Appellee.

Opinion filed November 8, 1939.

Philip G. Listeman, Louis Beasley and Edward C. Zulley, all of East St. Louis, for appellant.

Manuel M. Wiseman, of Alton, Simon Kellerman III and Jesse R. Brown, both of Edwardsville, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

This is an appeal from an order granting a new trial in an action brought by Tony Josate against Frank Mack, a junk dealer, to recover actual and punitive damages for secondhand coal mining machinery purchased by plaintiff in 1928 alleged to have been stolen by a minor boy and sold to defendant. The plaintiff relied upon chapter 38, Criminal Code, sec. 243 (Ill. Rev. Stat. 1937, p. 1163 [Jones Ill. Stats. Ann. 37.455]). The cause was tried by a jury, who found the defendant guilty and assessed the plaintiff's damages at $900. Defendant moved for a new trial, which was granted, and plaintiff has appealed from such order.

The motion for new trial sets forth some 12 counts why the verdict should be set aside, among which are that the defendant did not receive a fair and impartial trial because of improper remarks of one of the attorneys for plaintiff during the taking of testimony and, in particular, injecting testimony with reference to the payment of a fine of $500 by the defendant for receiving stolen property, which had no connection whatsoever with the facts in this case, and that attempts by plaintiff to state values were so spurious and unreasonable that a verdict should not be permitted to stand on such testimony.

Plaintiff in his brief states that he is unable to advise us as to the reasons that influenced the trial court in granting the motions for new trial and in his brief considers all the grounds set forth in the motion for new trial.

As we read this record there are at least two valid grounds urged for new trial, to wit, calling of defendant as a witness for the plaintiff and interrogating him about an alleged fine that he had paid, wholly disconnected from this case, as well as offering the testimony of one Tony Miller relative to transactions with defendant over scrap iron some four years ago totally unconnected with the instant case. These were palpable errors.

It has been repeatedly held that negotiations for new trial are addressed to the sound judgment of the trial judge and his action thereon will not be reversed except in case of clear abuse of such discretion, which must be affirmatively shown. *Couch v. Southern Ry. Co.,* 294 Ill. App. 490, and cases therein cited.

Necessarily, the trial court should have the discretion to decide with finality whether a new trial is necessary in the interests of justice, as it is in his power to observe the multiplicity of situations as they arise during the progress of the trial and is in a better position to weigh the effect upon the jury and to judge whether or not substantial justice had been done.

The order of the circuit court of Madison county granting to defendant a new trial is affirmed.

*Affirmed.*