Stella Zegarski, Formerly Known as Stella Witaszczyk, Appellee, v. Ashland Savings and Loan Association, Formerly King Zygmunt The First Building and Loan Association, Appellant.

Gen. No. 46,334.

First District, Third Division.

December 15, 1954.

Released for publication February 17, 1955.

Harvey L. Cavender, of Chicago, for appellant.

Grossman & Grossman, and Kelner & Kelner, all of Chicago, for appellee; Lester N. Grossman, Louis N. Grossman, and Raymond Kelner, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued to recover a deposit of $10,500, allegedly made by her with the defendant, and interest thereon from the date of the demand for payment. A trial with a jury resulted in a verdict for $11,768.75. After motions for a new trial and judgment notwithstanding the verdict were overruled, the court entered judgment for plaintiff.

This cause was here on a prior appeal (346 Ill. App. 535), wherein we reversed a summary judgment for the plaintiff entered upon plaintiff's motion and opposing affidavits, and remanded the cause for a trial upon the issues raised by the pleadings.

The controversy arises out of the following circumstances. Defendant rented from one Lillian Beutler approximately half of the premises at 4754 South Wood street in Chicago, which was a store on the ground floor. On the large plate glass window of the store front appeared "O. H. Beutler, Mortgage, Insurance," and underneath the name of the defendant. On the entrance door appeared the name of the defendant and also the names of Albert Beutler, attorney, and Lillian Beutler, real estate and insurance. Within the premises was a partition across the width of the store, which had two windows serving two cages, resembling tellers' cages in a bank. Upon the window of one of the cages appeared the name of the defendant. Upon the other window appeared the names of Otto Beutler and Lillian Beutler. Otto Beutler was the father of Lillian, and Albert Beutler, the attorney and treasurer of the defendant, is her brother.

119

On June 14, 1945, plaintiff, during the regular business hours of the defendant, went to its place of business and was there met by Lillian Beutler at the window in one of the cages. Lillian Beutler asked her what she wanted, and plaintiff stated that she had some money she would like to deposit with the building and loan association. Lillian said, "All right," and plaintiff turned over $10,500 to her made up of a check for $10,000, which she endorsed, and $500 in cash. Plaintiff then received what is ordinarily called a certificate on defendant's letterhead. It was typed and acknowledged the receipt of the $10,500. This certificate plaintiff placed in her vault. In December 1946, plaintiff called at defendant's place of business to collect the periodical interest on her deposit. Lillian then told her that she should change her certificate. Plaintiff procured the certificate from her vault and delivered it to Lillian, who advised her she would send her another by mail. In due course plaintiff received through the mail the following document:

"Lillian Beutler
Real Estate and Insurance
4754 S. Wood Street,
Chicago, Illinois

Phone: Lab. 6058
Hours 9 A. M. to 9 P. M.

Office Closed
Tues. & Fri. at 6 P. M.
December 14, 1946

To Stell Witaszczyk or Mae B. Sendra:

This is to certify that I am holding the sum of Ten Thousand Five Hundred ($10,500.00) Dollars deposit left to bear interest at four (4) per cent per annum.

Said sum of Ten Thousand Five Hundred ($10,500.00) Dollars can be had at any time upon presentation of this receipt.

Lillian Beutler."

120

Each time that plaintiff went to defendant's place of business to collect interest she saw no one in the premises except Lillian. Some time in September 1947, plaintiff appeared to be disturbed by rumors affecting defendant's business condition. She went to its place of business several times and found it closed. One evening she found the door open and a long line of people outside waiting to get in. When she entered she talked to Albert Beutler, the brother, and showed him the paper she received through the mail, identified in the record as Exhibit 4, and asked for her money. She testified he told her, "We can't do nothing about it." She then repaired to the state's attorney's office to make her complaint of their refusal to return her money and for the state's attorney to investigate. It appears Lillian Beutler absconded, and no part of the deposit made by plaintiff was returned to her.

The evidence discloses that Albert Beutler, as treasurer of the defendant, prepared and filed with the state auditor, pursuant to the requirements of the statute, reports for the fiscal years ending May 31, 1945, and May 31, 1946. Each of these reports required the defendant to list "all employees . . . appointed to any position requiring the receipt, payment, management or use of money belonging to the Association, or whose duties permit them to have access to or custody of any of its monies or securities, or whose duties permit them to regularly make entries in the books or other records." One of the names listed under the quoted caption appears, "Lillian Beutler. No. of Months Employed, 12. Position, custodian." The minutes of the annual meeting of the directors held June 24, 1944, disclose that Lillian Beutler was elected custodian. A like entry appears in the minutes of the meeting of the directors held July 5, 1945, and June 29, 1946.

Defendant contends that the evidence wholly fails to prove that Lillian Beutler had any authority to receive the deposit made by plaintiff or to pay any interest to

her on the deposit; that the interest paid to plaintiff by Lillian was not out of defendant's funds; and that there is no showing that Lillian acted within any apparent scope of authority. It is argued the burden of such proof is upon plaintiff, and that she has not sustained it.

In our former opinion we held that it was for the jury to determine whether Lillian Beutler had any such authority or acted within any apparent scope of authority.

The chain of circumstances disclosed by the evidence portrays the linking with defendant of the names of Otto Beutler, the father; Albert Beutler, the brother, attorney and treasurer of the defendant; and Lillian, the lessor of the premises under lease to defendant, whose name was prominently displayed upon the premises. To this must be added the further facts, that each time plaintiff appeared at defendant's place of business, the only one she saw was Lillian, except on the one occasion in the evening when she demanded her money of Albert; and the filing with the state auditor, as required by statute, of a written report disclosing the name of Lillian Beutler as one of the employees appointed to a position requiring the receipt, payment, management or use of money belonging to the association, or to have access to any of its moneys and securities.

██ We think these circumstances are sufficient to establish not only actual authority to receive the deposit in question, as indicated by the report to the state auditor, but that defendant allowed Lillian to appear to the ordinary person to be acting within the apparent scope of her authority to receive said deposit for defendant. It is incredible that Albert, the brother, who actively maintained his office in the premises as attorney and treasurer of defendant, would be wholly unaware of Lillian's activity in defendant's place of

122

business. Defendant maintains that Elsie Hensel was its cashier, who regularly attended to the business of defendant at the window of the cage used by defendant. Significantly, neither Elsie Hensel nor Albert were produced as witnesses by defendant, nor is there any explanation in the record for its failure to produce them. It is a rule of law that the failure of a party to a suit to produce evidence available to him gives rise to a presumption against him. Tepper v. Campo, 398 Ill. 496, 505, and cases there cited; Hopkins v. Loeber, 332 Ill. App. 140.

■ Defendant complains of instructions 16 and 17, which were not peremptory instructions. They stated the rule of law applicable to a corporation holding a person out to the public as authorized to act on its behalf, and that when such person acts within the apparent scope of such authority, the corporation is bound by his acts. We think the instructions correctly stated the rule of law. Lambert v. Paul W. Senne Funeral Home, Inc., 343 Ill. App. 136; American Hominy Co. v. National Bank of Decatur, 294 Ill. 223; Italian-Swiss Agricultural Colony v. Pease, 194 Ill. 98.

■ Instruction 19 referred to the right of plaintiff to recover interest, if they found for the plaintiff, at the rate of 5% per annum from the date of the filing of the suit to the time of trial. The instruction conforms to the provisions of chapter 74, § 2, of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 67.02], regulating the right to recover interest.

We find no merit in the complaint of defendant with respect to the rulings of the court as to the admission or rejection of evidence.

We think the record is without substantial error, and the judgment accordingly is affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.