Philip Thomas and Della Thomas, Plaintiffs-Appellants, v. Charles A. Weber, Defendant-Appellee.

**Term No. 57–M–8.**

Fourth District.

September 27, 1957.

Released for publication October 15, 1957.

Louis Beasley, of East St. Louis, for plaintiffs-appellants.

McGlynn & McGlynn, of East St. Louis (Dan McGlynn, and Charles M. Whealon, of counsel) for defendant-appellee.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of St. Clair county in favor of the defendant, following verdicts of not guilty rendered by a jury upon the trial of the cause. The action was instituted by the plaintiffs as against the defendant to recover damages occasioned by the alleged negligence of the defendant in driving the automobile.

The record indicates that plaintiffs were driving in a westerly direction on a paved highway in Seminole Township, when defendant overtook them, driving in the same direction, and crashed into the rear of the automobile in which they were riding. There was evidence to the effect that when the driver of plaintiffs' automobile, who was 78 years of age at the time of the accident, approached the street which was a state route (he stated) he did not see the vehicle being driven by defendant, but after he had made a left-hand turn onto the road, the defendant who was from 40 to 60 feet from the automobile of plaintiffs and traveling between 30 to 35 miles per hour, crashed into plaintiffs' automobile. Defendant contends he applied his brakes and slowed his automobile down to between 15 and 20 miles per hour. The physical dam-

age to the automobiles shows that the left front and center of defendant's car struck the plaintiffs' car on the right rear side, possibly indicating that the plaintiffs' automobile had entered the intersection and had not traveled any great distance in the direction in which the defendant's car was traveling. On appeal in this court plaintiffs contend that the verdict returned by the jury was contrary to the manifest weight of the evidence and that the Trial Court erred in refusing to grant a new trial, and it was likewise contended that errors were made in the giving of instructions on behalf of the defendant upon submission of the case to the jury.

██ ██ We have repeatedly stated that the ruling of a Trial Court on a motion for new trial would not be disturbed on appeal unless there was a clear abuse of discretion by the Trial Court (Josate v. Mack, 302 Ill. App. 246, 248; Bobtex Industries, Inc. v. Continental Baking Co., 4 Ill.App.2d 377). Under the facts in the record we cannot say on appeal that the verdicts of the jury were contrary to the manifest weight of the evidence since there was sufficient evidence in the record from which a jury could determine that there was contributory negligence on part of plaintiffs as indicated in this opinion.

Plaintiffs, likewise, complain of the giving of a number of instructions on behalf of defendant, and contend that the giving of such instructions constitutes reversible error. We note that the order of the Trial Court denying the motion for new trial contains the following recital:

"That upon the trial of this case, a conference on instructions was had in accordance with Chapter 110, Section 67 of the Illinois Revised Statutes, 1955; that at said conference, each party tendered instructions to the Court with the carbon copies of said instructions being interchanged between counsel; that at that time,

plaintiffs' counsel was asked by the Court, 'Have you any objections to defendant's tendered instructions?' to which plaintiffs' counsel replied, 'No objections.' The Court further finds that the counsel for the plaintiffs specifically stated that he had no objections to defendant's instructions at the aforesaid conference and, therefore, cannot now raise objection to any of the aforesaid instructions in his motion for a new trial. The Court further finds that there is no error in the trial of this cause."

We have cited the order of the Court for the reason that it reflects the procedure undertaken in this case, and indicates expressly that plaintiffs' counsel at the time of the tender of instructions, stated that he had no objection. If Section 67 of Chapter 110, 1955 Illinois Revised Statutes is to mean anything, a procedure such as undertaken in which the trial attorney states that there are no objections to the instructions, should preclude the raising of any objections thereafter, not only in the Trial Court, but also on appeal. This is neither unique nor unreasonable and has been adhered to in other precedents in this State (Johnson v. Luhman, 333 Ill. App. 418, 425; City of Waukegan v. Stanczak, 6 Ill.2d 594, 608).

We, therefore, conclude that no objection can be made on appeal to the giving of such instructions which were approved by plaintiffs' counsel in conference, as indicated in the record, and that it would be contrary to the statute and the precedents to permit any error which may have been induced by the co-operation of a party, to be the basis of reversal on appeal.

The judgment of the Circuit Court of St. Clair county will, therefore, be affirmed.

Judgment affirmed.

BARDENS and SCHEINEMAN, JJ., concur.