ANTHONY BROWN, Plaintiff-Appellant, *v.* DONALD E. JOHNSON *et al.*, Defendants-Appellees.

Third District   No. 76-541

Opinion filed March 13, 1978.—Modified on denial of rehearing June 9, 1978.

Joseph T. McGuire, of Perz and McGuire, of Chicago, for appellant.

Duncan B. Cooper, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was instituted by the plaintiff, Anthony Brown, from a judgment in favor of the defendants, Donald E. Johnson and G & M Distributors, Inc., and against the plaintiff. The action underlying this appeal was a suit for damages for injuries the plaintiff suffered when Johnson, driving his automobile in the course of his employment with G & M Distributors, made a left turn across the path of the plaintiff's oncoming motorcycle. In addition to denying the allegations of negligence in the complaint and that plaintiff was free from contributory negligence, the answer of the defendants denied the agency relationship. Following a jury trial, a verdict was returned in favor of the defendants and against the plaintiff, and judgment was entered on the verdict.

The first issue raised by the plaintiff is whether the trial court erred by denying the plaintiff's motion for a new trial. The plaintiff argues that the trial judge did not apply the proper criterion, believing that it was necessary to discover something in the record indicating "passion or prejudice and that the verdict is wholly unwarranted by the evidence." This quotation is part of a memorandum from the trial judge explaining his order denying the plaintiff's post-trial motion. In part relevant to this issue, the trial judge's memorandum stated:

> "The Plaintiff cites the case of Biel v. Wolfe, 126 Ill. App. 2nd, 209 which holds that if the verdict of the jury was contrary to the preponderance of the evidence then the trial court may set such verdict aside. The reviewing court will not disturb the trial court's ruling to set verdict aside unless clear abuse of discretion is shown. This discretion is not unlimited and must be reasonably exercised. It is not enough if the judge reaches a different conclusion or feels that other results are more reasonable. In the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is *wholly unwarranted by the evidence.*
>
> In this case I must truthfully state that I would have reached a different conclusion that that of the jury. However, I find nothing in the record indicating passion or prejudice and that the verdict is *wholly unwarranted by the evidence* or in fact any reversible error.

I feel that for me to grant a new trial would be usurping the function of the jury." (Emphasis added.)

■■ This memorandum clearly indicates that the trial judge fully understood his function and applied the proper criterion to the plaintiff's motion for a new trial. A motion for a new trial is addressed to the sound discretion of the trial judge (*Bauer v. Timucci* (1st Dist. 1975), 33 Ill. App. 3d 1051, 339 N.E.2d 434; *Skiba v. Ruby* (1st Dist. 1969), 113 Ill. App. 2d 170, 251 N.E.2d 771), and his judgment will not be reversed except for a clear abuse of discretion which must appear of record. Although the trial judge might have decided differently than did the jury, the trial court cannot interfere with the jury's verdict unless it is contrary to the preponderance or weight of the evidence. Furthermore, a statement by the trial judge that he would have decided other than did the jury does not mean that the trial judge misconstrued his power, concluding that he had no duty or power to weigh the evidence. (*Asher v. Stromberg* (1st Dist. 1966), 78 Ill. App. 2d 267, 223 N.E.2d 300.) The Illinois Supreme Court has stated that jury verdicts are not to be set aside because the evidence would support contrary inferences (*Finley v. New York Central R.R. Co.* (1960), 19 Ill. 2d 428, 167 N.E.2d 212), or because the trial judge believes a different conclusion would be more reasonable. (*Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 311 N.E.2d 138.) The rationale underlying the rule of reviewing courts to refuse to overturn the trial court's decision on a motion for a new trial, absent an abuse of discretion, is summarized in *Josate v. Mack* (4th Dist. 1939), 302 Ill. App. 246, 248, 23 N.E.2d 778, 779:

"Necessarily, the trial court should have the discretion to decide with finality whether a new trial is necessary in the interests of justice, as it is in his power to observe the multiplicity of situations as they arise during the progress of the trial and is in a better position to weigh the effect upon the jury and to judge whether or not substantial justice had been done."

■■ After reviewing the record in this case, we can find no abuse of discretion by the trial court in denying the plaintiff's motion for a new trial. We do not believe the trial judge was required to recite that the evidence does not preponderate in favor of the plaintiff. A fair reading of his memorandum indicates that to be the conclusion of the trial judge and that, contrary to the plaintiff's argument, the trial judge understood he had the power to review the jury verdict. It also indicates he understood the limitations on his power. Therefore, we find the denial of the plaintiff's motion for a new trial cannot be the basis of a reversal by this court.

■■ Secondly, the plaintiff argues that, as a matter of law, the defendant was proven guilty of negligence which proximately caused the plaintiff's injury and the plaintiff was proven free from contributory negligence.

Therefore, the plaintiff's argument continues, the trial court erred by denying the plaintiff's motion for a judgment notwithstanding the verdict. A judgment *n.o.v.* is to be entered only where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) "Ordinarily, the issues of contributory negligence and proximate cause are questions of fact for the jury." (*Denniston v. Skelly Oil Co.* (3d Dist. 1977), 47 Ill. App. 3d 1054, 1064, 362 N.E.2d 712, 720.) Further, although a party may have violated the law, it remains a question of fact whether the illegal act was the proximate cause of the injury. *Jeneary v. Chicago & Interurban Traction Co.* (1923), 306 Ill. 392, 138 N.E. 203.

From the evidence presented during the trial, it appears that the speed limit for the plaintiff was 30 miles per hour. Two witnesses, Edward Leahy, called by the plaintiff, and John Strader, estimated the speed of the plaintiff's motorcycle to be between 30 and 35 miles per hour. Leahy testified that he saw no evidence of braking or deceleration by the plaintiff. Strader, though admitting he quit observing the motorcycle when it was approximately 30 to 50 feet from the intersection, testified that the roar of the motorcycle did not decrease until impact. Furthermore, the plaintiff admitted that, not only did he fail to slow down or decrease his speed as he approached the intersection, he was accelerating at the time of impact even though before entering the intersection he observed the defendant's car either moving very slowly or stopped.

■■ It has been held that the failure of a motorist to slow down as he approached an intersection or to attempt to apply the brakes or look for approaching vehicles was a failure to exercise due care for his own safety and, therefore, was contributory negligence as a matter of law. (*Tuohey v. Yellow Cab Co.* (1st Dist. 1962), 33 Ill. App. 2d 180, 180 N.E.2d 691.) The *Tuohey* case is dissimilar to the case at bar in that it does not involve a collision with an oncoming, left-turning vehicle, but rather a collision with a vehicle which entered the apparently uncontrolled intersection from a side street. And we are not now deciding that the plaintiff was contributorily negligent as a matter of law. Nevertheless, from the evidence presented, this jury could reasonably find that the plaintiff was contributorily negligent in that the plaintiff's failure to decelerate proximately contributed to the accident. On that basis alone, without considering what the jury could have found concerning Johnson's actions proximately causing the injury, and applying the *Pedrick* standard, we find that the trial court did not err by denying the plaintiff's motion for a judgment *n.o.v.* Although there is strong evidence of negligence on the

part of the defendant, the trial court did not err in finding that the evidence, even when viewed in its aspect most favorable to the plaintiff, does not so overwhelmingly favor the plaintiff that no contrary verdict based on that evidence could ever stand.

■■ The last issue raised by the plaintiff is whether the trial court erred by refusing to consider an affidavit by a reporter concerning the post-trial statements of jurors. The affidavit in question indicated that some jurors, on their own, visited the scene of the accident. The law in Illinois had been that affidavits of jurors were not admissible to impeach a duly rendered verdict, but such affidavits may be considered if the jury was hopelessly confused or if the affidavits tended to show that the verdict rendered and recorded was not the one agreed on by the jurors. (*Hunter v. Smallwood* (3d Dist. 1975), 28 Ill. App. 3d 386, 328 N.E.2d 344.) Nor could the misconduct of jurors be brought to the attention of the trial court by the affidavits of non-jurors relating statements by jurors (*Wyckoff v. Chicago City Ry. Co.* (1908), 234 Ill. 613, 85 N.E. 237), even if the affidavit was presented in connection with a motion for a new trial. *Heldmaier v. Rehor* (1900), 188 Ill. 458, 59 N.E. 9.

Recently, the Illinois Supreme Court determined that, before ruling on a motion for a new trial, it is proper for the trial court to consider an affidavit by a defense attorney alleging that members of the jury made an independent inspection of matters not in evidence and referred to their findings during deliberation. (*People v. Holmes* (1978), 69 Ill. 2d 507, 372 N.E.2d 656.) The supreme court held that the trial court erred in not considering the allegations and the affidavit. Ordinarily, the reasoning in *Holmes* continued, the cause would be remanded for a hearing on the allegations, requiring the jurors to testify as to whether any extraneous prejudicial information was brought to the jury's attention. However, because the trial had occurred four years prior to the supreme court's *Holmes* decision, there was doubt that more proof could be adduced on this matter. Therefore, the cause in *Holmes* was remanded for a new trial.

The trial in the case at bar took place less than two years ago. As a result, we need not remand for a new trial without first giving the trial court an opportunity to hear evidence concerning whether the jury had in fact considered extraneous matters which were prejudicial to the plaintiff. Therefore this cause is remanded for a hearing not inconsistent with this opinion.

Remanded for hearing on motion for new trial.

STENGEL, P. J., and STOUDER, J., concur.