TYM R. KERNS, Plaintiff-Appellee, *v.* LENOX MACHINE COMPANY, INC., Defendant-Appellant.

Third District   No. 78-279

Opinion filed July 3, 1979.—Rehearing denied August 15, 1979.

Rex K. Linder, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Ralph Schroeder, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Tym R. Kerns, filed a products liability suit against the defendant, Lenox Machine Company, Inc., for injuries he received in an industrial accident on August 4, 1974. The plaintiff lost part of a hand while working on a paper cutting machine which the defendant had manufactured, set up, and sold to plaintiff's employer, Union Camp Corporation. The plaintiff's complaint alleged that the paper cutting machine was unreasonably dangerous and defective when it left the defendant's control and was the proximate cause of plaintiff's injuries. The defendant filed an answer denying liability and alleging an affirmative defense of assumption of risk. Following a 2½ day trial the jury returned a general verdict in favor of the defendant and answered a special interrogatory finding the plaintiff guilty of assumption of risk. Thereafter the plaintiff filed a post-trial motion and amended post-trial motion alleging numerous trial errors which will be discussed at length subsequently. The trial judge granted plaintiff's post-trial motion for a new trial without specifying the reason or reasons for his action.

The defendant filed a petition for leave to appeal from the order granting plaintiff a new trial pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1977, ch. 110A, par. 306), to which the plaintiff filed a response. We granted leave to appeal. The defendant chose to allow its petition for leave to appeal to stand as its brief on appeal. The plaintiff filed a supplemental brief in addition to a response to the petition for leave to appeal. Prior to oral argument of the case on appeal the defendant moved to strike the plaintiff's supplemental brief apparently under the mistaken belief that there was an agreement not to file additional briefs. We took the motion with the case and deny it.

The issue on review is generally whether the trial court abused its discretion in granting plaintiff a new trial. The decision on a motion for a new trial is a matter of sound judicial discretion. (*Brown v. Johnson* (1978), 60 Ill. App. 3d 76, 378 N.E.2d 757.) A reviewing court will not reverse an order granting a new trial unless a clear abuse of discretion is affirmatively shown. (*Department of Public Works & Buildings v. Russell* (1963), 28 Ill. 2d 491, 192 N.E.2d 900.) The burden, then, is upon the defendant-appellant to establish that the trial court abused its discretion in granting a new trial to the plaintiff. We believe the defendant has failed to meet this burden and that the trial court did not err in granting a new trial in this cause. The defendant does not specify with any degree of certainty in what manner the trial court abused its discretion.

Although the plaintiff's motion and amended motion, for the judgment notwithstanding the verdict and alternatively for a new trial, contain numerous allegations of trial error, the trial court granted the motion for a new trial without specifying the reason therefore as

aforesaid. We must accept that the trial court relied upon one or more of the grounds set forth in the plaintiff's motions in granting the new trial. See *Rodriguez v. Chicago Transit Authority* (1965), 58 Ill. App. 2d 150, 206 N.E.2d 828.

The plaintiff's many allegations of trial error in his post-trial motions to support the granting of a new trial may be categorized as follows: (1) Prejudicial conduct by defense counsel which consisted of repeated statements suggesting that the accident resulted from plaintiff's carelessness in an attempt to confuse the jury between the concepts of contributory negligence and assumption of risk; (2) violations of an order in limine which prohibited the defendant from introducing testimony directly or indirectly regarding the fact that guards for the paper cutting machine were available and offered by the defendant but were not accepted by the employer; (3) prejudicial statements by defense counsel in closing argument which expressed his personal opinion of the plaintiff's expert witness and the trial court's overruling of plaintiff's objection thereto; and (4) error in the trial court's refusal to give plaintiff's jury instruction (Illinois Pattern Instructions, Civil, No. 501 (2d ed. 1971) (hereinafter IPI) on the negative inference that the jury may draw from the failure of the defendant to produce Mr. Rossa, its employee, who was or who was assumed to be under its control and who supervised the installation of the paper cutting machine, as well as instructed the employees of Union Camp Corporation in a manner of operating the machine in an *unsafe* manner to circumvent a malfunction of the machine. We discuss each of the four categories of alleged trial error separately.

Firstly, the plaintiff calls our attention to the defense counsel's assertions of plaintiff's carelessness. These assertions refer to defense counsel's opening statement and in his phrasing of several questions during the course of the trial. It is well settled that contributory negligence of plaintiff would not bar his recovery under the products liability theory of this case. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) Here, because defendant asserted the defense of assumption of risk, there is high probability that defense counsel's comments and conduct as to plaintiff's carelessness may have confused and prejudiced the jury with regard to an understanding of what conduct on plaintiff's part would act as a bar to his recovery. Similar prejudicial comments by counsel on irrelevant and improper subject matter has been held to support the granting of a new trial. See *Prater v. Luhr Brothers, Inc.* (1977), 51 Ill. App. 3d 685, 366 N.E.2d 399.

Secondly, the record is replete with examples of defendant's attorney's violations of an order in limine which prohibited him from introducing evidence in relation to the fact that guards to defendant's

machine were available and offered by defendant but were not accepted by the plaintiff's employer, the purchaser of the machine. The prejudice from such evidence is obvious. "When a manufacturer places into the channels of trade a finished product which should be provided with safety devices because without such it creates an unreasonable risk of harm, the fact that he expects someone else will install such [safety] devices should not give him an escape clause." (*Neal v. Whirl Air Flow Corp.* (1976), 43 Ill. App. 3d 266, 272, 356 N.E.2d 1173, 1177.) The granting of a motion in limine before the trial of a case begins is a matter within the discretion of the trial court. In exercising its discretion the trial court should balance the prejudice that might be avoided if the motion is granted and the inadmissable evidence is excluded against the complication or inconvenience that may be caused by not granting the motion in limine. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752.) We find no abuse of the trial court's discretion in granting the instant motion in limine and recognize that the prejudice which the motion sought to prevent actually occurred through defense counsel's repeated violations of the order in limine.

■■ The third category of alleged error, which the plaintiff argues supports the granting of a new trial by the trial court, is the allegedly prejudicial statements in the closing argument of defense counsel by which he expressed his personal opinion of the plaintiff's expert witness. The attorney for the defendant in his closing argument attacked the plaintiff's expert witness in the following manner: "I, personally, have emotions about gentlemen that come in to a lawsuit like this, as Mr. Salzensein did, and well, in essence, —." Plaintiff's counsel then objected. Defense counsel proceeded, with plaintiff's objection having been overruled, to characterize plaintiff's witness as a "Monday morning quarterback" and that he personally resented people such as Mr. Salzenstein. Such expressions of counsel's personal opinion and adverse characterizations of opposing witnesses which are unsupported by evidence in the record constitute error. *Chicago North Shore & Milwaukee R.R. Co. v. Chicago Title & Trust Co.* (1928), 328 Ill. 610, 160 N.E. 226; *Ziegler v. Smith* (1967), 86 Ill. App. 2d 215, 220 N.E.2d 340.

■■ In support of the order granting the plaintiff's post-trial motion for a new trial is the fourth category of alleged trial error, the refusal to give plaintiff's jury instruction No. 9 (IPI Civil No. 5.01 (2d ed. 1971)). Plaintiff's tendered instruction was the negative inference jury instruction applicable when a party fails to produce a witness assumed within its control. Here the defendant's employee, Mr. Rossa, who supervised the installation of the paper cutting machine and instructed the Union Camp Corporation employees in a manner of operating the malfunctioning machine in a nonstandard and allegedly unsafe way, was not called to

testify by the defendant. Defense counsel commented in the presence of the jury that Rossa's testimony was irrelevant. We determine that Mr. Rossa, as a defendant employee, was under the control of the defendant as its employee and was not therefore equally available to the plaintiff. (See *United States v. Beekmay* (2d Cir. 1946), 155 F.2d 580.) Having made that determination, we of course believe that the defendant would have in all likelihood produced Rossa as a witness under the facts and circumstances here unless his testimony would have been unfavorable. In *Zegarski v. Ashland Savings & Loan Association* (1954), 4 Ill. App. 2d 118, 123, 123 N.E.2d 855, it was stated that "[i]t is a rule of law that the failure of a party to a suit to produce evidence available to him gives rise to a presumption against him." Therefore the negative inference jury instruction offered by plaintiff should have been given. (See *Hildebrand v. Baltimore & Ohio R.R. Co.* (1963), 41 Ill. App. 2d 217, 190 N.E.2d 630; *Beery v. Breed* (1941), 311 Ill. App. 469, 36 N.E.2d 591.) We view the trial court's order granting a new trial as, in part, recognition of the erroneous exercise of his discretion in failing to give plaintiff's tendered jury instruction on this subject.

The various trial errors alleged by plaintiff in his post-trial motions and urged in his brief on appeal cumulatively support the trial court's granting of a new trial. The prejudice that resulted from an accumulation of the various errors that occurred during the trial is as obvious to us in reviewing the record as it was to the trial court when presented with plaintiff's motions for a new trial.

■■ Further, we find that defendant has failed to establish that the trial court abused its discretion in ordering a new trial. The rationale underlying the rule of reviewing courts to refuse to overturn the decision of the trial court on a motion for a new trial was for our purpose here adequately summarized in *Brown v. Johnson* (1978), 60 Ill. App. 3d 76, 78, 378 N.E.2d 757, 759, (quoting *Josate v. Mack* (1939), 302 Ill. App. 246, 248, 23 N.E.2d 778, 779):

> " 'Necessarily, the trial court should have the discretion to decide with finality whether a new trial is necessary in the interests of justice, as it is in his power to observe the multiplicity of situations as they arise during the progress of the trial and is in a better position to weigh the effect upon the jury and to judge whether or not substantial justice had been done.' "

We hold that the record manifestly supports the order of the trial court granting plaintiff's motions for a new trial.

■■ Plaintiff-appellee has argued in his brief that the court erred in denying his motion to strike the defense of assumption of risk. He has urged us to find a lack of assumption of risk as a matter of law and to remand the case for a new trial on damages alone. Plaintiff relies upon

*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, and concludes that the only possible conclusion from the facts presented was that he did not assume the risk. (See *Neal v. Whirl Air Flow Corp.* (1976), 43 Ill. App. 3d 266, 356 N.E.2d 1173.) Though in our view sufficient trial error occurred to support the trial court's exercise of discretion to grant a new trial and the trial errors plaintiff asserted in post-trial motions prejudiced the jury which resulted in the verdicts adverse to plaintiff, applying the *Pedrick* standard to the facts of the case does not justify striking the defense of assumption of risk or directing a liability verdict for plaintiff. There are factual questions presented and they should properly be decided by a jury free from the prejudice caused by the errors in the trial which supported the granting of a new trial.

For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.