TYRONE FETTSON, Plaintiff-Appellee, v. KATIE L. JAMES *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 1—96—2106

Opinion filed September 24, 1997.

Byron L. Matten, of Byron L. Matten & Associates, P.C., and Ellen S. Martin and Michael Resis, both of Querrey & Harrow, Ltd., both of Chicago, for appellants.

Jay A. Schiller, of Chicago, for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Defendants, Katie L. James and Liberty School Bus Company, were found liable for negligence in a suit involving an automobile accident, whereupon a jury awarded damages of $25,000 to plaintiff. On appeal, defendants seek a new trial, arguing that: (1) the trial court erred by refusing to allow evidence that would have shown that plaintiff's claim for loss of income was exaggerated and implausible, including evidence or questioning of plaintiff's (a) income from tax returns for years prior and subsequent to the year of the accident, (b) prior wage loss claim, (c) lack of a bank account, and (d) cash pay-

ments; (2) the trial court's *sua sponte* jury instruction regarding the equal availability of witnesses was improper and prejudicial; (3) the trial court erred in disallowing evidence of plaintiff's expert witness' initial failure to produce medical records; (4) the trial court erred by prohibiting evidence of other lawsuits; and (5) during closing argument, plaintiff's counsel's improper objections prejudiced defendants by wrongly implying to the jury that defendants had prevented them from hearing important evidence.

## BACKGROUND

On November 11, 1993, in Chicago, Illinois, plaintiff, Tyrone Davis Fettson, a professional singer and performer, was driving westbound on Jackson Boulevard. He stopped at a red traffic signal at the intersection of Jackson Boulevard and Homan Avenue and then proceeded when the traffic signal turned green. At the time, defendant, Katie L. James, a school bus driver employed by defendant, Liberty School Bus Company, was travelling southbound on Homan Avenue. When James entered the intersection of Jackson and Homan, her bus struck the right rear section of plaintiff's automobile. After the collision, both parties exited their vehicles, and plaintiff complained to James about pain in his neck, the right side of his back, and his right hip. Both parties then proceeded to the nearest police station to fill out reports.

The next day, plaintiff visited his physician, who examined him and found that plaintiff sustained swelling of the right hip, indicating bruising of the tissue and broken blood vessels. Plaintiff's physician then advised him not to work until he had sufficiently recovered. Plaintiff underwent physical therapy with his physician and returned to work nearly four weeks after the date of the accident. Plaintiff incurred $860 in medical expenses in connection with the treatment of his injuries.

At trial, plaintiff testified that, due to his injuries and pain, he was unable to satisfy two previously executed performance contracts during his recovery period. The first contract was to pay plaintiff $7,500 per night for five consecutive nights. Plaintiff had already fulfilled the first performance the night before the accident, but he was unable to complete the remaining four engagements; hence, his damages claimed therefrom were $30,000. Plaintiff's second contract was for $52,500 and obligated him to perform the week following his accident. The jury returned a verdict in favor of the plaintiff for $25,000.

We affirm.

OPINION

## I

Defendants first contend that the trial court erred by refusing to allow evidence that would have shown that plaintiff's claim for loss of income was exaggerated and implausible. Defendants base their argument on four separate rulings made by the trial court with regard to evidence or questioning of plaintiff's income from tax returns, prior wage loss claim, lack of a bank account, and cash payments. Defendants argue that, individually or taken as a whole, the trial court's rulings as to these matters constituted reversible error.

## A

We first address defendants' claim that error occurred when the trial court allowed questioning of plaintiff's income from his income tax returns only as to the year of the accident and not for years before or after the incident. During cross-examination of the plaintiff, defendants showed plaintiff copies of his own tax returns for the years 1990 through 1993. Plaintiff identified the tax returns as his own, but plaintiff's counsel immediately objected on grounds of relevance. Defense counsel argued that information of plaintiff's income from tax returns was relevant in light of his substantial claim of lost wages, but the trial court overruled plaintiff's objection only as to the 1993 tax returns. Defendants argue that the trial court's restriction to plaintiff's 1993 tax returns was error.

Generally, where a plaintiff seeks to recover lost wages, it is proper for the court to allow the defendant to question plaintiff about his income tax returns. *Cerveny v. American Family Insurance Co.*, 255 Ill. App. 3d 399, 411-13, 626 N.E.2d 1214 (1993). Cross-examination of plaintiff as to income tax returns is also proper where plaintiff's testimony reveals a lack of certainty over the amount of lost income. *Wigington v. Faulkner*, 51 Ill. App. 2d 220, 201 N.E.2d 252 (1964) (abstract of op.). This court, however, has found it to be error for a trial court to allow a defendant to probe extensively into a plaintiff's income tax returns. *Pozzie v. Mike Smith, Inc.*, 33 Ill. App. 3d 343, 347, 337 N.E.2d 450 (1975).

In *Cerveny v. American Family Insurance Co.*, 255 Ill. App. 3d 399, 626 N.E.2d 1214, the plaintiff failed to offer any proof of actual past earnings and, instead, implied to the jury through direct testimony that her lost future earnings would be as great as her alleged past earnings. *Cerveny*, 255 Ill. App. 3d at 411. Equally important, this court noted that defendant's line of questioning with regard to plaintiff's tax returns was extremely limited, where defendant merely asked if plaintiff had filed tax returns. *Cerveny*, 255 Ill. App. 3d at 412.

Conversely, in *Pozzie*, we found defendant's questioning of plaintiff's tax returns to be excessive, where defendant made detailed inquiries into plaintiff's claimed deductions and income disclosures in an attempt to discredit the plaintiff. *Pozzie*, 33 Ill. App. 3d at 347. There, the court censured the defendant for attempting to cross-examine the plaintiff on irrelevant matters. *Pozzie*, 33 Ill. App. 3d at 347.

■ We believe the case at bar is similar to *Cerveny* in that plaintiff here relied largely upon his own testimony to establish his claim for lost income, and defendant only briefly touched upon the subject of income tax returns. *Cerveny*, however, stands for the proposition that such limited questioning is not improper or reversible error. Defendants in this case effectively argue for an expansion of this rule, whereby more extensive questioning of plaintiff's income tax returns would be proper. Although we do not believe that defendants' questioning of plaintiff's tax returns rose to the level of that in *Pozzie*, we cannot justify an expansion of the general rule in this case for several reasons.

First, unlike *Wigington* and *Cerveny*, where plaintiffs' complete failure to prove lost income justified inquiry into their income tax returns, plaintiff here established a precise amount of lost income based on his testimony, medical bills, and copies of his performance contracts. In addition, the trial court did not totally preclude defendants from questioning plaintiff with regard to his tax returns, as it allowed unrestricted questioning with respect to plaintiff's 1993 tax returns. Moreover, defense counsel's line of questioning on this subject was very brief and merely confirmed plaintiff's net and gross incomes for 1993. Furthermore, defendants made no reference to plaintiff's income or tax returns during summation. Considering that plaintiff was not a salaried employee, but an independent contractor, in our view, precluding questioning as to income for prior and subsequent years was within the sound discretion of the trial court. Such testimony would not have been probative of plaintiff's income or lost wages in 1993. It is well established that admission of evidence is a matter within the discretion of the trial court, and evidentiary rulings will not be reversed absent an abuse of discretion. *Jackson v. Pellerano*, 210 Ill. App. 3d 464, 471, 569 N.E.2d 167 (1991).

## B

Defendants also contend that the trial court erred by refusing to allow questioning as to the amount of plaintiff's wage loss claim in a previous, unrelated case. At trial, defendants attempted to expose plaintiff's wage loss claim of $200,000 in a case arising from injuries

he suffered three months before the November 11, 1993, accident. At issue was defendants' argument that plaintiff had claimed lost wages in a prior lawsuit for a period of time that encompassed the time span at issue in the instant case. The trial court sustained plaintiff's objection to this line of inquiry, calling into question its relevance, particularly in light of the court's earlier granting of plaintiff's motion *in limine* barring evidence of prior lawsuits. However, while the trial court prohibited defense counsel from mentioning the amount of plaintiff's prior wage loss claim, it did allow defendants to impeach plaintiff with regard to the allegedly overlapping time periods in which plaintiff claimed lost income.

■ Generally, any evidence that has a natural tendency to establish the fact in controversy should be admitted. *Mueller v. Yellow Cab Co.*, 110 Ill. App. 3d 504, 508, 442 N.E.2d 595 (1982), citing *People v. Newsome*, 291 Ill. 11, 19 (1919). Defendants rely primarily upon this general rule in *Mueller*, notwithstanding the limiting precept upon which it is based, namely, that of relevancy. Indeed, the "basic principle which animates our law of evidence is that what is relevant generally is admissible." *Mueller*, 110 Ill. App. 3d at 508, citing *People ex rel. Noren v. Dempsey*, 10 Ill. 2d 288, 293, 139 N.E.2d 780 (1957). Furthermore, relevancy is shown where the evidence offered tends to prove a fact in dispute or to render a matter in question more or less probable. *Mueller*, 110 Ill. App. 3d at 508, citing *People v. Rodgers*, 53 Ill. 2d 207, 214-15, 290 N.E.2d 251 (1972).

■ In the case at bar, defendants argue that they were prejudiced by not being allowed to impeach the plaintiff *vis-a-vis* the amount of his prior wage loss claim. We disagree. We agree with the trial court that the specific amount of damages claimed by plaintiff in the prior, unrelated lawsuit was not a relevant issue in the instant case. We are not convinced that such a fact would tend to prove the extent of plaintiff's damages or credibility in this case. Moreover, considering that the trial court did allow impeachment regarding the overlapping timing of possibly duplicative claims, defendants were not prejudiced by this exclusion as to the dollar amount of the prior claim. We, therefore, find no abuse of discretion in this evidentiary matter.

## C and D

Defendants also claim that they were prejudiced when the trial court precluded questioning about plaintiff's method of payment and his lack of a bank account. They argue that, by not being able to delve into the fact that plaintiff dealt only in cash and that he had no bank account, they were further prevented from creating an inference that plaintiff exaggerated his lost income claim.

During cross-examination of the plaintiff, defendants asked if plaintiff had any bank accounts into which he put earnings from his various performances. Plaintiff's counsel objected on grounds of relevance, and the court asked defense counsel to state the relevance of that inquiry. Defense counsel failed to answer the question directly, and the court sustained the objection. Soon thereafter, defense counsel asked a series of questions about plaintiff's cash payments: namely, whether plaintiff was paid in cash from his engagements and what he did with the cash. Plaintiff's counsel's objection on grounds that the question was asked and answered was sustained, and defense counsel chose not to pursue that line of questioning any further.

■ As a rule, the appellant must establish prejudice when seeking reversal. *Jackson v. Pellerano*, 210 Ill. App. 3d 464, 471, 569 N.E.2d 167 (1991). With respect to the issue of plaintiff's lack of a bank account, defendants would have to show that their inquiry was relevant to the case. Defendants failed to show relevancy at trial, and they have, likewise, failed to establish this on appeal. Defendants cite no authority to support their position that it is error for a trial court to disallow questioning of one's lack of a bank account. Lastly, our review of the record shows that defendants emphasized this issue during summation and, therefore, were not precluded from impressing this point upon the jury.

Similarly, defendants cannot show that they were prejudiced by the trial court's ruling on the issue of their questioning plaintiff's cash payments. While we believe that such inquiry may have been irrelevant, the trial court did not prohibit that line of questioning as defendants argue. Rather, defendants simply chose to abandon the topic. In addition, during closing arguments, defendants were allowed to argue that plaintiff had manufactured or exaggerated his wage loss claim.

We, therefore, find that no reversible error occurred with respect to the exclusion of evidence or questioning of plaintiff's income from tax returns, prior wage loss claim, lack of a bank account, or cash payments.

## II

Defendants next contend that the trial court's *sua sponte* jury instruction regarding the equal availability of witnesses was improper and prejudicial. During closing arguments, defense counsel raised the question of the lack of corroborating testimony from plaintiff's band members and a party to one of his unperformed contracts. Plaintiff's counsel objected, claiming that defendants had deposed the band's leader, who provided data on all of the witnesses at issue. Defense

counsel objected to his opponent's interruption, but the court answered with the following *sua sponte* instruction:

"THE COURT: Ladies and gentlemen, I am instructing you that as a matter of law these witnesses were available to both sides."

Defendants first argue that this instruction was unwarranted and, therefore, erroneous, since they were properly comparing and contrasting the evidence by commenting on the absence of any testimony other than plaintiff's. In addition, defendants contend that the trial court incorrectly concluded that the uncalled witnesses were equally available to them.

■ Generally, it is improper for a defendant to comment upon a plaintiff's failure to bring forth a witness who is not under plaintiff's control or who is equally available to the defendant. *Lebrecht v. Tuli*, 130 Ill. App. 3d 457, 484, 473 N.E.2d 1322 (1985). The risk is that the jury may presume that the testimony would have been unfavorable to the party that failed to call the witness. *Lebrecht*, 130 Ill. App. 3d at 484. Nevertheless, counsel may argue the evidence and reasonable inferences therefrom. *Northern Trust Co. v. Skokie Valley Community Hospital*, 81 Ill. App. 3d 1110, 1126, 401 N.E.2d 1246 (1980).

■ As to this exception, defendants rely upon *Chavez v. Watts*, 161 Ill. App. 3d 664, 669, 515 N.E.2d 146 (1987), in which defense counsel, during closing argument, properly drew inferences and conclusions from the evidence. *Lebrecht* and *Northern Trust Co.* offer better guidance on this issue, however. In *Lebrecht*, the statements objected to during closing argument recapitulated events and evidence at trial: namely, that counsel had presented the only testimony involving an issue of causation. *Lebrecht*, 130 Ill. App. 3d at 484. Similarly, in *Northern Trust Co.*, defense counsel reminded the jury of a witness that its party called and the fact that the witness had to be called back for further testimony. *Northern Trust Co.*, 81 Ill. App. 3d at 1126. This court noted in that case, as well, that such comment by counsel was a fair and proper description of what transpired at trial. *Northern Trust Co.*, 81 Ill. App. 3d at 1126.

In the aforementioned cases, attorneys made comments that were permissible accountings of evidence or events at trial. In the case at bar, however, defense counsel was not merely comparing or contrasting evidence but, rather, was calling to the jury's attention the fact that plaintiff failed to call any witnesses to corroborate his claim of lost income. In this case, therefore, the general rule in *Lebrecht* prohibiting such comment remains applicable.

Defendants' argument disputing the equal availability of witnesses is also unpersuasive. Defendants argue that the relationship between plaintiff and the witnesses at issue supports a finding that the wit-

nesses were either under plaintiff's control or not as available to defendants. Defendants cite *Kerns v. Lenox Machine Co.*, 74 Ill. App. 3d 194, 198-99, 392 N.E.2d 688 (1979) (employee of defendant-noncalling party was under its control and, therefore, not equally available to plaintiff), and *Biehler v. White Metal Rolling & Stamping Corp.*, 65 Ill. App. 3d 1001, 1003-04, 382 N.E.2d 1389 (1978) (biased witness such as noncalling party's relative is not equally available to parties). We, however, find the instant case distinguishable from *Kerns* and *Biehler*. Here, there is no evidence in the record that plaintiff occupied the position of "employer" in an employer-employee relationship such as in *Kerns*. Similarly, the presumption supported in *Biehler* was based on the existence of a familial relationship or the like between plaintiff and an uncalled witness—a relationship lacking in the case at bar. Indeed, in looking at the record, this court finds no sufficient evidence that the witnesses at issue were not equally available to both parties. This court has established that, where a party fails to show that a missing witness was under the opposing party's control, the court may refuse to allow comment on the subject. *Wetherell v. Matson*, 52 Ill. App. 3d 314, 319, 367 N.E.2d 472 (1977); see also *Foerster v. Illinois Bell Telephone Co.*, 20 Ill. App. 3d 656, 662, 315 N.E.2d 63 (1974); *Goshey v. Dunlap*, 16 Ill. App. 3d 29, 33, 305 N.E.2d 648 (1973); *Wofford v. DeVore*, 73 Ill. App. 2d 92, 99, 218 N.E.2d 649 (1966). Consequently, we hold that the trial court's *sua sponte* instruction was within its sound discretion and based on an accurate view of the law and the evidence presented at trial.

### III

■ In addition, defendants argue that the trial court erred in disallowing evidence of plaintiff's expert witness' initial failure to disclose certain medical records. During cross-examination of plaintiff's expert witness and treating physician, defense counsel attempted to impeach the witness by showing that his initial failure to produce all past records of plaintiff indicated bias. Plaintiff's counsel objected, noting that defendants received the remainder of plaintiff's past medical records long before trial. The court sustained the objection on grounds that defense counsel was improperly attempting to try collateral issues. We agree.

Evidence of a collateral fact is generally inadmissible, since it is likely to divert jurors' attention away from the relevant issues in the case. *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226 (1988). The record indicates that defendants did, indeed, receive all of plaintiff's medical records long before the commencement of the trial. The trial court, therefore, properly characterized defense counsel's attempts at impeachment as collateral.

## IV

■ Defendants further contend that the trial court erred by prohibiting evidence or questioning of other lawsuits in which plaintiff was involved. While defendants were allowed to question extensively on the subject of plaintiff's prior injuries, defendants contended at oral argument that they were foreclosed from making inquiries into plaintiff's prior lawsuits.

The record, however, clearly indicates that defendants did, in fact, frequently question plaintiff on this subject. Following are some excerpts from the transcript of the trial proceedings in which defendants' attorney cross-examined plaintiff with regard to prior lawsuits:

"Q. There was a lawsuit filed on your behalf as a result of that Delta accident, wasn't there?

A. Yes.

* * *

Q. Remember a slip and fall where you made a claim against, at O'Hare, where you made a claim—

A. At the airport, at the airport.

Q. —against the City of Chicago?

A. At O'Hare Field Airport.

Q. Yes.

A. Yes.

* * *

Q. Now in connection with that September 20th accident, September 20, 1993, two months before this accident, there was a lawsuit filed; correct?

A. Say it again.

Q. There was a lawsuit filed in connection with that accident, correct?

A. Yes.

Q. Now those questions and answers we've just talked about were in connection with that lawsuit, right?

A. Yes.

* * *

Q. Isn't it a fact that in that lawsuit entitled Tyrone Davis versus Alnita Johnson, *** you claimed you were still having daily problems from your neck and your hip; isn't that true?

A. Yes."

Indeed, plaintiff admitted to all prior injuries revealed by defense counsel on cross-examination, and plaintiff testified consistently with respect to questions of his prior lawsuits involving similar injuries. Defendants' contention that they were prejudiced by being precluded from making such inquiries is unfounded, as defendants either chose

not to impeach plaintiff with respect to his prior suits in certain instances or they obtained answers from plaintiff on that subject.

Once again, appellant has the burden of showing prejudice by an improper ruling. *Jackson v. Pellerano*, 210 Ill. App. 3d 464, 471, 569 N.E.2d 167 (1991). We hold that no such prejudice occurred. The record in the case *sub judice* resoundingly rebuts defendants' contention on this issue.

■ Defendants' argument that they were improperly prohibited from impeaching plaintiff with his prior allegations of permanent injury in previous cases fails, as well. We agree with the trial court's exclusion of such evidence, as such language in pleadings is not probative of the veracity of subsequent claims or injuries as defendants suggest. Defendants rely upon *Kokotkwiecz v. Leprino Foods Co.*, 162 Ill. App. 3d 493, 502, 515 N.E.2d 395 (1987), and *Hoffman v. Wilson*, 60 Ill. App. 2d 396, 403, 208 N.E.2d 607 (1965), for the proposition that it is permissible to cross-examine a plaintiff as to previous injuries when the injuries are of a similar nature to those at bar. See *Leahy v. Illinois Power Co.*, 103 Ill. App. 3d 487, 490, 431 N.E.2d 390 (1981). These authorities are distinguishable from the present case, however, as they allow for such questioning where defendant makes a good-faith effort to impeach the witness. *Kokotkwiecz*, 162 Ill. App. 3d at 502; *Hoffman v. Wilson*, 60 Ill. App. 2d at 403.

In the instant case, plaintiff did not deny injuries in prior lawsuits, and defendants cannot claim to have made a good-faith effort to impeach plaintiff on this subject where they often failed to complete any such line of questioning.

We hold that defendants suffered no prejudice as a result of the trial court's ruling on this matter. Also, the court did not abuse its discretion in so ruling, given the fact that defendants were allowed to carry out extensive cross-examination with respect to plaintiff's prior injuries.

## V

■ Lastly, defendants contend that plaintiff's counsel made protracted "speaking objections," which prejudiced the defendants. During closing argument, defendants argued that plaintiff could have performed despite his claimed injuries from the accident and that plaintiff did not disprove this at trial. Plaintiff's counsel objected on grounds that the defense was misstating the facts, arguing that plaintiff did, indeed, attempt to show the court the effect that plaintiff's injuries had on his ability to perform. In support of this contention, plaintiff's counsel pointed to his earlier attempt to have plaintiff perform in the courtroom. The court sustained plaintiff's objection.

Defendants rely on *Mykytiuk v. Stamm*, 196 Ill. App. 3d 928, 936, 554 N.E.2d 505 (1990) (improper argument or conduct by counsel is an adequate basis for an award of a new trial). We find that the attorney misconduct alleged in the present case is distinguishable from that which occurred in *Mykytiuk*. The impropriety involved there dealt with counsel's inappropriate attempt to introduce evidence that the court found would have unduly influenced the jury, particularly since the case was close factually and sharp conflicts in evidence existed. *Mykytiuk*, 196 Ill. App. 3d at 936. In the case at bar, however, there was no overwhelming conflict in evidence. And, although plaintiff's counsel's objection here was not succinct, his grounds were sound and properly ruled upon by the trial court. Therefore, in our view, plaintiff's counsel's remarks did not constitute reversible misconduct.

Accordingly, we affirm the decision of the trial court.

Affirmed.

GORDON and LEAVITT, JJ., concur.